## *In re* VINOT'S ESTATE.

### (*Surrogate's Court, New York County.  July 18, 1889.*)

1. DESCENT AND DISTRIBUTION—LEGACY TAX—NON-RESIDENT DECEDENT.

   Both real and personal property within this state, devised by a non-resident decedent, dying after the enactment of Laws N. Y. 1887, c. 713, § 1, extending the collateral inheritance tax to all property within this state which shall pass by the will of a non-resident, are subject to the tax.

2. SAME—REMAINDER.

   A vested remainder, limited on a life-estate, is subject to the tax.

3. SAME—EXEMPTIONS—FUNERAL EXPENSES.

   A bequest for maintenance of decedent's burial plot is exempt as funeral expenses.

On motion to confirm report of the appraiser of the estate of Julius T. Vinot, deceased.

*Gibson & Davis*, for comptroller.

RANSOM, S.  The decedent in this case died after the passage of the amendatory act of 1887, and therefore comes within the purview of chapter 713 of the Laws of 1887.  Section 1 of that chapter provides: "After the passage of this act all property which shall pass by will,  *  *  *  or, if such decedent was not a resident of this state at the time of death, which property, or any part thereof, shall be within this state,  *  *  *  shall be, and is, subject to a tax of five dollars on every hundred dollars.  *  *  *"  The decedent, though a resident of New Jersey, left both real and personal property within this state; and Justice ANDREWS, in delivering the opinion of the court of appeals in *Re Enston*, 21 N. E. Rep. 87, holding that, under the collateral inheritance tax act of 1885, neither real nor personal property of a non-resident is taxable in this state, says: "By chapter 713 of the Laws of 1887, section 1 of the act of 1885 was so amended as to subject to its operation the property within this state of a non-resident decedent.  *  *  *"  The appraiser was therefore right in reporting the property as subject to the tax.

A further objection is made to the report because a remainder, after a life-estate, was reported as subject to the tax.  The remainder is a vested one, there being a party in being who would take should the life-estate terminate,

and the value of the remainder is also ascertainable. The appraiser was right in so reporting.

I think the bequest of one-half of the income of $2,000 to be applied to maintenance of the burial plot, etc., of decedent should not have been reported as subject to tax. It should, so to speak, be looked upon as a personal expenditure for the benefit of the decedent, and as part of the funeral expenses, and therefore exempt. Under the recent decision of the court of appeals in *Catlin* v. *St. Paul's Church*, 20 N. E. Rep. 864, the other half of the income of $2,000 is subject to the tax. An order should be handed up confirming the report of the appraiser in all respects, except as above indicated, and assessing and fixing the tax.