inception, did not gradually change its complexion and become lawful, unless through the mortgagor's acquiescence. But there is no evidence that he knew of it during that time. The plaintiff testified that he visited the land "two years ago," and that defendant was then living there, and "four years ago," but did not know who lived there, and again "last summer, and talked to Mr. Haab." The defendant's evidence does not exhibit the plaintiff at the time of the visit to the farm as in an acquiescent mood. This evidence does not show that, with knowledge that a person purchasing under the mortgage was in possession, the plaintiff let him abide there so long as to sanction the possession. The defendant was a continuing trespasser. The plaintiff was not obliged to anticipate the trespass, to watch his land, lest it occur or continue, nor, upon discovering it, was he necessitated to end it speedily. A trespass does not incite the one offended to great diligence, lest the wrongful holding be converted into a rightful tenure.

The judgment and order should be affirmed, with costs. All concur, except MILLER, J., who dissents.

---

### In re MAVERICK'S ESTATE.

(Supreme Court, Appellate Division, First Department.   December 10, 1909.)

TAXATION (§ 872*)—TRANSFER TAX ON ESTATE—BEQUEST EXEMPT—"FUNERAL EXPENSES."

> Reasonable cost of keeping a burial plot and monument in repair is properly a part of the "funeral expenses," exempt from the transfer tax on an estate; and so a bequest of $250, to be invested and the income used for such a purpose, is exempt.

> [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 872.*

> For other definitions, see Words and Phrases, vol. 4, pp. 3007–3009.]

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the transfer tax on the estate of Ellen M. Maverick. Appeal from an order of the Surrogate's Court, amending an order of such court fixing the tax. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, SCOTT, and HOUGHTON, JJ.

Edmund L. Baylies, for appellant.
Millard H. Ellison, for respondent.

SCOTT, J. Ellen M. Maverick, by her will, gave to the trustees of Greenwood Cemetery the sum of $250 in trust, to invest the same and to expend the income and interest derived therefrom in keeping her burial plot "in as good condition and repair as the said income will permit." The question is whether or not the bequest is subject to a transfer tax. It is well established, and is not disputed, that the funeral expenses of a decedent are exempt from tax. As a part of the burial expenses thus exempt, it has been repeatedly held that the sum expended for a burial plot or for the erection of a monument was also

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

exempt. Matter of Edgerton, 35 App. Div. 125, 54 N. Y. Supp. 700, affirmed 158 N. Y. 671, 52 N. E. 1124; Estate of Millward, 6 Misc. Rep. 425, 27 N. Y. Supp. 286; Matter of Liss, 39 Misc. Rep. 123, 78 N. Y. Supp. 969; Code Civ. Proc. § 2749. By a close analogy or reasoning it has until recently been held that the reasonable cost of keeping a burial plot and monument in order was a funeral expense, and exempt from tax. Matter of Vinot (Sur.) 7 N. Y. Supp. 517, cited in Matter of Edgerton, supra. If the cost of a burial plot and monument is properly included in the burial expenses, I can see no reason why the reasonable cost of keeping them in decent repair is not also properly a part of the burial expenses.

The surrogate felt himself constrained to hold otherwise in consequence of the language used in Matter of Gould, 156 N. Y. 423, 51 N. E. 287, and Matter of McAvoy, 112 App. Div. 377, 98 N. Y. Supp. 437, and Matter of Fay, 62 Misc. Rep. 154, 116 N. Y. Supp. 423. The Fay Case, like the present, rested on the Gould and McAvoy Cases. The language of those cases must be read in the light of the facts. In the Gould Case the testator had made a large bequest to his son as a reward for faithful services. In the McAvoy Case the bequest was to pay for masses for others than the testator. Of course, neither of these bequests resembles the present in the slightest degree. In my opinion, the moderate sum set apart to keep decedent's burial plot in order should be considered a part of her burial expenses, and hence exempt from taxation.

The order appealed from should be reversed, and the order fixing the tax upon the report of the appraiser affirmed.

CLARKE and HOUGHTON, JJ., concur.

McLAUGHLIN, J. (dissenting). I am of the opinion that the bequest of $250 to the trustees of Greenwood Cemetery, even though it be considered a "moderate sum," is subject to a transfer tax. It is a transfer of property to such trustees, and comes within the provisions of the statute. Nor do I see how such bequest can be treated as "a part of the burial expenses." The trustees are to take the fund and invest it, and apply the income derived therefrom, not to purchasing a burial plot, but to improving or keeping in good condition one which the testatrix owned at the time of her death. The fact that the bequest is a small one is not controlling, nor do I think it affects the question. The property bequeathed passes to the trustees of the cemetery by virtue of the will of the decedent, and the statute provides that all property passing by will, unless specifically exempt, is taxable. Such bequest is not specifically exempt, and therefore it seems to me that the surrogate was right in imposing a tax upon it, and for that reason the order appealed from should be affirmed.

INGRAHAM, J., concurs.