1. WILLS (§ 634*)—CONSTRUCTION—VESTING OF INTEREST.
    Where a will gave the testamentary trustee a certain sum in trust, with direction to pay the income to S. for life, and at her death to pay the principal to E., the remainder after the death of S. vested in E. immediately on the death of testatrix.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. TAXATION (§ 887*)—TRANSFER TAX—VESTED REMAINDER.
    Where the value of a vested remainder, limited on a life estate, and the rate of tax at which it was assessable, could be ascertained by the appraiser at the time of appraising the estate, such remainder was taxable at that time.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1709; Dec. Dig. § 887.*]

3. TAXATION (§ 895*)—TRANSFER TAX—ORDER OF ASSESSMENT—BINDING EFFECT.
    Where the appraiser did not report that an assessable remainder was taxable, or include it in the order entered on his report, which order purported to assess a tax on all the taxable interests of the estate, and where no appeal was taken by the state comptroller, the order was binding as to all interests, including such remainder, as were taxable at the time of the appraisal.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

4. TAXATION (§ 887*)—TRANSFER TAX—INTERESTS SUBJECT—REMAINDER.
    A will gave a trustee a sum in trust to pay the income to H. until she reached her majority, when she was to receive the principal, but in the event of her prior decease, the principal to be paid to her next of kin. H. died before coming of age.  Held, that while the value of the remainder, after the temporary life estate of H., was ascertainable at the time of the appraisal of the estate, the market value of the interest which might pass to each of her next of kin could not be ascertained until her death, and under Laws 1892, c. 399, providing that property the value of which cannot be ascertained at the time of the appraisal shall not then be taxed, the value of such remainder could not be assessed until her death.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1709; Dec. Dig. § 887.*]

Application by the State Comptroller to assess a tax upon certain remainder interest created by will of Ann A. Morss, deceased.  Application denied in part and granted in part.

Goodale & Hanson, of New York City, for executors and trustees.
Joseph F. McCloy, of New York City, for state comptroller.
Samuel Keeler, of New York City, for substituted trustee.

COHALAN, S.  [1, 2] This is an application by the state comptroller to assess a tax upon certain remainder interests created by the will of the decedent.  The decedent left a will by which she gave the sum of $15,000 to her trustee, with directions to pay the income to Sarah A. Allar during her life and upon her death to pay the principal to Eliza Allar.  She also gave the sum of $6,000 to her trustee,

with directions to pay the income to Helena A. Arnoux until she arrived at the age of 21, when she was to receive the principal, but, in the event of her death before reaching the age of 21, to pay the principal to her next of kin. The transfer tax appraiser ascertained the value of the life estate of Sarah A. Allar and the temporary life estate of Helena A. Arnoux, and reported that these life estates were subject to a tax. He made no finding as to the remainders after the respective life estates. Sarah A. Allar died on the 26th of October, 1905, and Helena A. Arnoux died on the 1st of May, 1899, before arriving at the age of 21. The remainder after the life estate of Sarah A. Allar vested in Eliza Allar immediately on the death of the decedent. The value of such remainder and the rate of tax at which it was assessable could be ascertained by the appraiser at the time of the appraisal of the estate; therefore the value of the remainder was taxable at that time. Matter of Vinot, 7 N. Y. Supp. 517; Matter of Sloane, 154 N. Y. 109, 47 N. E. 978.

[3] The appraiser, however, did not report it taxable, nor was it included in the order entered upon his report. That order purported to assess a tax upon all the interests of the estate that were then taxable. If it were incorrect in not assessing a tax upon the remainder after the life estate of Sarah A. Allar, the remedy of the state comptroller was by appeal. No appeal having been taken, the order is binding as to all interests that were taxable at the time of the appraisal. Matter of Clarkson, 149 N. Y. Supp. 32; Matter of Crerar, 56 App. Div. 479, 67 N. Y. Supp. 795.

[4] Chapter 399 of the Laws of 1892, which was the tax law in force at the date of decedent's death, provided that when the fair market value of any property or interest could not be ascertained at the time of the appraisal, the tax on such property or interest did not become due or payable until the persons or corporations beneficially entitled thereto came into actual possession or enjoyment of the property. While the value of the remainder after the temporary life estate of Helena A. Arnoux could be ascertained at the time of the appraisal of the estate, the market value of the interest which might pass to each of her next of kin could not be ascertained, because her next of kin could not be determined until her death. There was therefore such a contingency as to the ultimate beneficiaries of the remainder after the life estate of Helena A. Arnoux as rendered it impossible for the appraiser to ascertain the value of the interests which would pass to the next of kin in the event of her death before reaching the age of 21. His report could not contain a finding as to the value of such interests, nor could the order entered upon the report assess a tax thereon. Matter of Stewart, 131 N. Y. 274, 30 N. E. 184, 14 L. R. A. 836; Matter of Roosevelt, 143 N. Y. 120, 38 N. E. 281, 25 L. R. A. 695. As the value of the interests of the next of kin of Helena A. Arnoux was not ascertainable at the time of the appraisal of the estate, and was not included in the report of the appraiser or the order entered thereon, the surrogate may, at any time after the death of the life tenant, assess a tax upon the value of such interests. Matter of Pearsall, 149 N. Y. Supp. 34, 36; Matter of Ely, 149 N. Y. Supp. 40, affirmed

157 App. Div. 658, 142 N. Y. Supp. 714. The application of the state comptroller is denied as to the remainder after the life estate of Sarah A. Allar, but is granted as to the remainder after the temporary life estate of Helena A. Arnoux. Settle order on notice.

Decreed accordingly.