## Matter of the Estate of MARY I. MEEK, Deceased.

(Surrogate's Court, New York County, November, 1920.)

Executors and administrators — wills — abatement of legacies — expenses of administration — how charged against the estate — preferred legacies — trusts — Personal Property Law, § 13-a.

Practically the balance of the estate of testatrix, after a bequest of $8,000 to a cemetery association for the perpetual care, maintenance and upkeep of her burial lot therein, was left to charities. Upon the settlement of the accounts of the executor there was an insufficiency of assets to pay all legacies in full. *Held,* that the bequest to the cemetery association created a valid trust under section 13-a of the Personal Property Law and was a preferred legacy which did not abate with the general legacies and must be paid in full. (Pp. 304, 305.)

Where it appears that some of the funds out of which specific legacies of the proceeds of real estate and of the personal property of the testatrix are to be paid, are insufficient to pay all specific legacies in full, they must abate ratably to the extent to which they cannot be satisfied in full out of the fund from which they are payable.

Surrogate's Court, New York County, November, 1920. [Vol. 113.

A bequest of money with direction that it be given to the legatee as soon as possible after the death of testatrix, is not a preferred legacy.

Expenses of administration, commissions, etc., are chargeable first against residuary legacies, then against general legacies and if there still be a deficiency of assets, against the specific or demonstrative legacies.

PROCEEDINGS upon the settlement of the accounts of an executor asking for a construction of the will.

Miller, King, Lane & Trafford, for executor.

Carter, Ledyard & Milburn (Arthur Delafield Smith, of counsel), for Greenwood Cemetery.

John P. O'Brien, corporation counsel (Walter B. Caughlan, of counsel), for Bellevue Hospital and Home for the Aged.

Emmet, Marvin & Roosevelt, for Home for Incurables.

Antonacchio & Rubino, for petitioner, Rosa Rossi.

Gordon, Wood & Young (Richmond Weed, of counsel), for Home for Old Men and Aged Couples.

Wilson M. Powell, for the Society of the New York Hospital.

DeForest Brothers, for New York Infirmary for Women and Children and Presbyterian Home for Aged Women in the City of New York.

Matthew C. Fleming, for American Female Guardian Society and Home for the Friendless.

Frederic De P. Foster, for the Society for the Relief of the Destitute Blind, etc.

Misc.]    Surrogate's Court, New York County, November, 1920.

William G. De Witt, for Orphans Home and Asylum of the Protestant Episcopal Church in New York.

Satterlee, Canfield & Stone, for State Charities Aid Association.

Cadwalader, Wickersham & Taft, for the New York A. I. C. P.

Roosevelt & Kobbe, for the Roosevelt Hospital.

COHALAN, S.   This is an executor's accounting, in which a construction of the last will and testament is asked.

The will bequeaths certain general legacies and then divides the estate into three separate and distinct funds. By paragraph 7 of the will the executor is directed to sell the real estate, except the property No. 236 West Twenty-sixth street, New York city, and out of the proceeds of this sale to pay seven bequests to charitable institutions, amounting to $5,000 each.   Pursuant to this direction the property has been sold.   By the 15th paragraph of the will the premises No. 236 West Twenty-sixth street are given to the executors in trust to pay over the income to Warren K. Crofford, so long as he shall remain unmarried, and upon his marriage or death the executor is directed to immediately sell the premises and pay legacies to six charitable institutions of $3,000 each.   The *cestui que trust* having died, the premises were sold in accordance with the directions contained in the will.   By the 6th subdivision of paragraph 15 of the will the executor and trustee is directed to sell the jewelry, silverware, china, household goods, etc., and to divide the proceeds equally between two specified charities.   By the 2d paragraph of the will the testatrix has directed the erection of an expensive monument upon her ceme-

Surrogate's Court, New York County, November, 1920. [Vol. 113.

tery plot in Greenwood Cemetery. By the 3d paragraph of the will she has given to Greenwood Cemetery in trust a large sum of money for the perpetual care, maintenance and upkeep of the burial plot.

There is an insufficiency of assets to pay all the legacies in full, and a question as to abatement is presented to the court for decision. The 3d paragraph of the will bequeathing to the Greenwood Cemetery the sum of $8,000 for the perpetual care, maintenance and upkeep of the cemetery plot creates a valid trust under the provisions of section 13-a of the Personal Property Law. Such section prescribes no limit to the amount which may be given to the objects therein specified. Costs for the erection of monuments, the purchase of burial plots and the expense for maintenance and care of graves are in the same class as funeral expenses. They are preferred legacies, and they do not abate with general legacies. *Matter of Hinman,* 32 Misc. Rep. 536; *Wood* v. *Vandenburgh,* 6 Paige, 277; *Matter of Maverick,* 135 App. Div. 44; affd., 198 N. Y. 618; *Matter of Brundage,* 101 Misc. Rep. 528; affd., 186 App. Div. 722; modified, 226 N. Y. 691. True, the testatrix in this case has directed the expenditure of a large sum of money for these purposes, but practically all of the balance of the estate is left to charities. There is a positive direction for the expenditure of a specified sum for the erection of a monument and the care of the cemetery plot, and therefore the reasonableness of the amount of such expenditure is not to be considered. The court stated in *Emans* v. *Hickman,* 12 Hun, 425, that the testator was competent to direct that the whole of his estate should be spent for funeral expenses and a monument, and would sustain such direction where the will plainly manifests such an intention. In this will the language is explicit. To

the same effect is *Matter of Boardman*, 46 N. Y. St. Repr. 444, 446. It is only where the will is silent as to the amount to be paid for funeral expenses that the surrogate, in his discretion, will determine the reasonableness of the sum to be allowed for that purpose. *Matter of Primmer*, 49 Misc. Rep. 413; *Matter of Smith*, 75 App. Div. 339; *Matter of Shipman*, 82 Hun, 108. Therefore the sums directed to be paid to Greenwood Cemetery for the erection of a monument and for the perpetual care of the cemetery plot should be paid in full.

The legacies of the proceeds of the sale of the real estate and of the personal property of the testatrix are specific legacies, and they do not abate with the general legacies for deficiency of general assets of the estate. *Matter of Matthews*, 122 App. Div. 605; *Matter of Broderick*, 163 id. 91. It appears, however, that some of the funds out of which these legacies are to be paid are insufficient to pay all the specific legacies in full, and accordingly they must abate ratably amongst themselves to the extent to which they cannot be satisfied in full out of the fund from which they are payable.

The legacy to Rosa Rossi of $200 is not a preferred legacy. The direction contained in the language bequeathing this legacy, that it be given " as soon as possible after my decease," does not place it in the class of a preferred legacy.

The expenses of administration, commissions, etc., are chargeable first against the residuary legacies, then against general legacies, and, if there should still be a deficiency, against the specific or demonstrative legacies. A decree may therefore be submitted on notice construing the will accordingly and settling the account.

Decreed accordingly.