In the Matter of the Estate of BERTHA MYERS, Deceased.

Surrogate's Court, New York County, May 28, 1931.

*Blackman, Pratt & King*, for the petitioner.

*Leonard Bronner*, for the respondent.

*Joyce Bushel*, special guardian.

O'Brien, S. This is an application for a construction of the 6th paragraph of the will of the testatrix, which reads as follows: " I direct my executors hereinafter named to expend the sum of not more than Twenty Thousand Dollars ($20,000) in erecting upon the lot now owned by me in Salem Fields Cemetery a mausoleum large enough to accommodate the bodies of those now buried in the said lot and the bodies of my daughter, Ida K. Bronner, and her husband and myself; or, if for any reason they should find it impracticable or undesirable to erect a mausoleum upon the said lot, then I direct my executors hereinafter named to sell the said lot and to expend the proceeds of such sale, together with a sum not exceeding Twenty Thousand ($20,000), in purchasing a new lot in the said cemetery and in erecting thereupon a mausoleum large enough to accommodate the bodies of those now buried in the said lot and the bodies of my daughter, Ida K. Bronner, her husband and myself, and in moving the said bodies from one lot to another."

The testatrix left a gross estate of $176,994.09, and a net estate of $160,627.16. Pursuant to the direction given to the executors by the testatrix in the above-quoted 6th paragraph of her will, the executors have expended upon a mausoleum the sum of $6,680 and the additional sum of $750 in purchasing an interest claimed by others in the plot owned by the deceased. As they were authorized to expend a sum not to exceed $20,000, they have an unexpended balance of $12,750. The executors present the question to the court as to whether or not they have the right or the duty of paying to the proper authorities in charge of Salem Fields Cemetery any amount for the perpetual care and maintenance of the mausoleum erected by them on the decedent's plot and if so what amount would be a reasonable expenditure for such purpose. Section 314, subdivision 3, of the Surrogate's Court Act provides that the expression " funeral expenses " " includes suitable church or other services, a burial lot and suitable monumental work

erected thereon, and a reasonable charge or expenditure for the perpetual care of the decedent's burial lot." As the executrix has expressly authorized the expenditure of a sum not to exceed $20,000 for the erection of a mausoleum, it is to be presumed that she also intended to provide for the perpetual care and upkeep of the mausoleum and the burial plot even though she neglected so to direct in express terms in her will. Every inference from the language she used shows an intention to procure a handsome burial plot for herself and certain relatives and it must be assumed that she intended the proper upkeep of the same. Even in the absence of express directions in a will for the perpetual care of the decedent's burial lot, section 314 of the Surrogate's Court Act, above quoted, allows for the same as a proper item of "funeral expenses." Reasonable expenses for the upkeep of a burial plot have always been recognized as a proper item of funeral expenses. (*Matter of Brundage*, 101 Misc. 528; affd., 186 App. Div. 722; *Matter of Hinman*, 32 Misc. 536; *Matter of Maverick*, 135 App. Div. 44; affd., 198 N. Y. 618; *Matter of Morris*, 227 id. 141; *Emans* v. *Hickman*, 12 Hun, 425; *Matter of Meek*, 113 Misc. 301; *Matter of Smallman*, 138 id. 889.) The petitioner has suggested to the court that the sum of $3,000 be set aside with the proper authorities so as to provide for the perpetual care of the decedent's mausoleum and burial plot. The court is of the opinion, considering the size of the estate and the provisions of the 6th paragraph of the will of the testatrix, that this sum is, under all the circumstances, fair and reasonable and the application will be granted. Submit order on notice accordingly.