# In the Matter of the Estate of JOHN VAN PELT, Deceased.

Surrogate's Court, Richmond County, October 8, 1934.

*Anthony Scaiano*, for the petitioner.

*Paul Windels, Corporation Counsel* [*Paul E. Fusco, Assistant Corporation Counsel*, of counsel], for William Hodson, as commissioner of public welfare of the city of New York, respondent.

SMITH, S.  It appears from the petition in this proceeding that letters of administration upon the goods, etc., of the decedent were granted to the petitioner by this court on July 16, 1934; that the only assets of the estate were two policies of insurance upon the life of the decedent in an industrial company, which although

payable to the representative of the estate contained a so-called "facility of payment" clause; that the representative served upon the agent of the insurance company a certificate from this court showing his appointment and demanded the payment of the amount due on the policies; that thereafter the commissioner of public welfare demanded payment of the amount due by reason of the fact that the decedent had received relief from the public welfare department of the city of New York in a sum greater than the amount due on said policies, and said insurance company thereupon paid the amount due to the public welfare department on August 15, 1934.

The facts are not disputed, but the attorney for the respondent claims the right of the commissioner to retain the amount received in payment of the insurance policies by virtue of section 129 of the Public Welfare Law which provides that: " If a person, who has received relief and care at public expense, shall die leaving insurance, and the estate of the assured is named as beneficiary, or no beneficiary is named, the public welfare official shall be entitled to a preferred claim to be paid out of such insurance to the amount of the cost of such relief and care, and for funeral expenses not to exceed one hundred and twenty-five dollars." It is conceded that the commissioner of public welfare did not provide for the funeral of the decedent and his attorney offers to pay to the representative of the estate the sum of $125 to pay the expense thereof.

There are two questions, therefore, for determination:

1. Is the commissioner of public welfare entitled to retain the amount received in payment of such policies, either (a) by reason of section 129 of the Public Welfare Law, or (b) by reason of payment to his department by reason of the election of the insurance company under the " facility of payment " clause to make such payment?

2. If said commissioner is not entitled to retain such moneys, then is the representative of the estate limited to the sum of $125 for funeral expenses of the decedent?

Mr. Surrogate Wingate, in *Matter of Welton* (141 Misc. 674) held that subdivisions 1 to 4 of section 40 of the Surrogate's Court Act " give to Surrogates' Courts an express charter and mandate to do all things necessary to marshal and distribute a decedent's estate. The natural steps in this regard are, *first*, to appoint a fiduciary for the purpose; *second*, to gather together in the hands of such fiduciary all of the property and property rights of the decedent which do not pass directly to the beneficiaries named in his will or by operation of law; *third*, to pay funeral and administration expenses of the estate."

Therefore, without now considering the right of election of the insurance company to pay the amount of the policies to said department, it would appear that the representative of the estate would be entitled to administer the fund, unless it could be held that the amount of the policies passed by operation of law, *i. e.*, by section 129 of the Public Welfare Law, to the commissioner of public welfare by reason of the claim of the public welfare department of the city of New York against the decedent for relief furnished to him.

The Legislature has, in some instances, endeavored to facilitate the payment of moneys due to the estates of decedents to relatives, funeral directors and creditors where letters have not been issued, for instance by savings banks (Banking Law, § 248, subd. 4), by savings and loan associations (Id. § 397); by trust companies (Id. § 224), limited in all cases to $500, and only after one year has elapsed since the death of decedent, and to certain relatives by section 103-a of the Decedent Estate Law of wages and personal earnings due decedent, to extent of $150 after thirty days; but in all such instances the direction has been for the debtor to pay, and not to provide, as in section 129 of the Public Welfare Law, that the creditor " shall be entitled to a preferred claim to be paid." Said section contains no direction in relation by whom said claim shall be paid and it must be assumed that the payment must be made by the representative of the estate, as the statute requires the representative to pass on the correctness and validity of claims, and also upon what would be a reasonable charge for funeral expenses. Otherwise, if the amount of the insurance was paid by the insurance company to the creditor and was not sufficient to pay both the claim for relief and the charge for funeral expenses, as in the present instance, who would referee the dispute as to which was first entitled to payment? Would the insurance company or the public welfare commissioner be the court for that purpose?

To procure the payment of a claim for relief other than from the proceeds of an insurance policy, the public welfare official is obliged to proceed against the decedent's estate. (Public Welfare Law, § 128, and the sections of the charter of the city of New York, which, however, are cumulative only.)

As to the right to retain the proceeds of such insurance policies by reason of the election and payment by the insurance company to said public welfare department. The fact that said company was notified in advance of such payment of the appointment of an administrator of decedent's estate and a demand made for payment of the amount due on the policy, and that payment thereafter

was made by the company to the welfare department shows that said company acted carelessly and without proper inquiry into the facts, for any inquiry would have ascertained that the family of the decedent and not the public welfare commissioner had arranged for the funeral, and that the burial was not in " Potter's Field."

The insurance company was not protected in making the payment after the notice was received and the demand for payment made by the administrator (*Thompson* v. *Prudential Insurance Co.*, 119 App. Div. 666), and the person who has collected the benefit under the " facility of payment " clause may be directed to pay over the money to the representative. (*Matter of Reilly*, 111 Misc. 68; *Matter of Degenhardt*, 123 id. 762.) Unquestionably the claim of the public welfare commissioner is a preferred claim under subdivision 1 of section 212 of the Surrogate's Court Act, viz., " Debts entitled to a preference under the *laws of the* United States and the *State of New York*," but funeral expenses are preferred to any other claim except expenses of administration (*Matter of Tierney*, 88 Misc. 347), and section 216 of the Surrogate's Court Act states that " Every executor or administrator shall pay, out of the first moneys received, the reasonable funeral expenses of decedent, and the same shall be preferred to all debts and claims against deceased."

No proof was offered as to who paid the weekly pittance to carry the insurance policy, but considering the fact that the decedent was obliged to accept relief from the public welfare commissioner then he either saved the amount of the premium by doing without something he needed, or it was paid by some impecunious relative for the same purpose, *i. e.*, to permit the decedent to be buried in some churchyard with his ancestors in a decent and orderly way and not hurriedly slipped into the ground in a box at a cost of not exceeding $125.

I find that the commissioner of public welfare is not entitled to retain the amount received from the insurance company in payment of the policies upon decedent's life, either by reason of section 129 of the Public Welfare Law or by reason of any election of the insurance company under the " facility of payment " clause, to pay the amount to his department and I direct that said commissioner pay the amount received to the administrator of the goods, etc., of the decedent to be duly administered according to law, but that no deductions be made from the proceeds of such insurance policies, except expenses of administration and the reasonable funeral expenses, and that if assets other than the proceeds of said policies be found, then that the proceeds of such

assets be used to pay the expenses of administration and reasonable funeral expenses so far as such proceeds will go and that only a sum sufficient to pay the balance due be used from the amount received from such insurance moneys, and that the remainder of such amount be paid to the public welfare commissioner of the city of New York.

Costs of this proceeding are allowed to the petitioner out of the estate.