The Mutual Life Insurance Company of New York, Plaintiff, v. Vincent H. Smyth, as Administrator, etc., of Hugh D. Smyth, Deceased, and The City of New York, Defendants.*

Vincent H. Smyth, as Administrator, etc., of Hugh D. Smyth, Deceased, Plaintiff, Appellant, v. The City of New York and William Hodson, as Commissioner of Public Welfare of the City of New York, Defendants, Respondents.

First Department, March 13, 1936.

* Revg. 156 Misc. 400.

*Frank John Fanelli* of counsel [*Satriano & Fanelli*, attorneys], for the appellant.

*Arthur Bainbridge Hoff, Jr.*, of counsel [*Harry L. Herzog* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the respondents.

DORE, J. The judgment appealed from awarded the city of New York and its commissioner of public welfare $552 to be paid out of the proceeds of an insurance policy on the life of Hugh D. Smyth, deceased, to reimburse the city for the cost of old age relief paid in that amount to Smyth during his lifetime.

The facts are not in dispute. The issue presented is solely a question of law and involves the construction of section 129 of the Public Welfare Law, which reads as follows:

" § 129. Claim on insurance. If a person who has received relief and care at public expense, shall die leaving insurance, and the estate of the assured is named as beneficiary, or no beneficiary is named, the public welfare official shall be entitled to a preferred claim to be paid out of such insurance to the amount of the cost of such relief and care, and for funeral expenses not to exceed one hundred and twenty-five dollars. If the insured leaves a widow or minor children who are, or are liable to become, public charges, the public welfare official may, in his discretion, waive his claim to such insurance or any part thereof to which he would otherwise be entitled." (Laws of 1929, chap. 565, enacted April 12, 1929. See § 167 for effective date.)

Hugh D. Smyth, in December, 1920, had procured from the Mutual Life Insurance Company a policy of insurance on his own life for the face amount of $1,000, payable to his wife as beneficiary, reserving, however, to himself the right to change the beneficiary. Between January 1, 1932, and December 1, 1933, the city of New York, through the department of public welfare, had paid the said assured $552 as old age relief; and, at the request of said department, on October 6, 1933, while receiving old age relief and as a condition of its continuance, Smyth had changed the beneficiary named in his insurance policy from his wife to his estate. On his death, December 7, 1933, the sole asset of his estate was the net proceeds of this insurance payable under the terms of the policy to the deceased's estate in the sum of $772.06.

The commissioner of public welfare made demand on the insurance company for $552, the cost of the relief paid. Vincent H. Smyth, as administrator of the deceased, made demand on the company for the entire proceeds of the policy. The insurance company was permitted to deposit the proceeds into court and was thereupon discharged.

On the trial of the consolidated action the commissioner of public welfare contended that under section 129 (*supra*) the total cost of the relief should be paid directly to him out of the proceeds of the insurance before payment to the administrator. The administrator contended that he in the first instance was entitled to receive the insurance moneys, and that the statutory preference created by section 129 should be enforced in the administration proceedings under appropriate provisions of the Surrogate's Court Act.

The court at Special Term properly held the statute constitutional. No retroactive effect could be claimed, since the designation of the estate as beneficiary was made while the statute was in effect, and, indeed, in contemplation of the statute. The court, however, construed the act so as to sustain the commissioner's contention and directed that the commissioner should receive $552, and only the balance be paid to the administrator. The court based its decision substantially on the ground that in enacting section 129 the Legislature intended to nullify or repeal by implication certain sections of the Surrogate's Court Act previously enacted (Surr. Ct. Act, §§ 212, 216, 222), in so far as they differed in purpose from section 129. This was error.

Section 129 of the Public Welfare Law does not expressly repeal or abrogate any provision of the Surrogate's Court Act, though, if such result were intended, it easily could have been accomplished by appropriate language. The repeal of a statute by implication is not favored by law, and a presumption exists that such repeal was not intended unless there is irreconcilable conflict between the two statutes, or the subsequent act is clearly intended to supersede the former. If by any fair construction the old and the new law can stand together, there is no repeal. (*Matter of Tiffany*, 179 N. Y. 455, 457; McKinney, book 1, Report of Consolidators, Statutes and Statutory Construction, §§ 170, 171 and 177, and cases there cited.)

No irreconcilable conflict or clear intent to supersede is here found. Section 129 merely provides that the public welfare official shall be entitled to a preferred claim to be paid out of the insurance to the amount of the cost of the relief, with no express legislative direction against whom the preferred claim shall be made or by whom it shall be allowed and paid. There is no indication that the

preference created by this act is declared to be a preference that takes absolute priority over all other preferences created under the laws of the United States and the State of New York and recognized in appropriate sections of the Surrogate's Court Act (Surr. Ct. Act, §§ 212, 216, 222). The contrary is to be inferred. Indeed, the fact that the preference is created only when the estate of the assured is beneficiary (by the terms of the policy or by operation of law when no beneficiary is named) indicates the Legislature intended that the insurance money should, in the first instance, be paid into the estate pursuant to the contract, and that the commissioner was then to have a preferred claim for reimbursement out of such insurance for the relief received. It must be assumed that in enacting section 129 the Legislature had knowledge of the elaborate statutory provisions of the Surrogate's Court Act providing for the enforcement of statutory preferences in the administration of estates. The intention to repeal by implication this settled procedure and long-established law is not to be presumed, and cannot here be inferred. The decision in *Matter of Van Pelt* (153 Misc. 155) correctly construed section 129 to mean that the representative of the estate is entitled to administer the proceeds of the insurance in a case of this kind, and that the commissioner's preferred claim under section 129 is to be enforced out of such proceeds in the hands of the representative by appropriate proceedings in the Surrogate's Court.

The judgment appealed from should accordingly be reversed, and judgment rendered in favor of Vincent H. Smyth, as administrator of the estate of Hugh H. Smyth, deceased, for $772.06, with costs of trial and this appeal, and the commissioner of public welfare should enforce the statutory preference under section 129 of the Public Welfare Law in the administration proceedings in Surrogate's Court.

McAvoy, Townley, Untermyer and Cohn, JJ., concur.

Judgment reversed and judgment directed in favor of Vincent H. Smyth, as administrator of the estate of Hugh H. Smyth, deceased, for $772.06, with costs of trial and this appeal, and the commissioner of public welfare should enforce the statutory preference under section 129 of the Public Welfare Law in the administration proceedings in Surrogate's Court. The findings inconsistent with this determination should be reversed and such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.