In the Matter of the Estate of PETER P. CIAPPEI, Deceased.

Surrogate's Court, New York County, April 2, 1936.

*William J. Brennan*, for the administratrix.

*Paul Windels, Corporation Counsel* [*Paul E. Fusco, Assistant Corporation Counsel*, of counsel], for William Hodson, as commissioner of public welfare of the city of New York.

*Edward T. Kelly*, for John F. Squier, respondent.

*Grace Kelly Santo*, special guardian.

FOLEY, S. It is undisputed in this accounting proceeding that there was paid to the decedent in his lifetime, by the city of New York, the sum of $252 for old age security relief. The only moneys and property left by the decedent were the proceeds of life insurance paid by the Metropolitan Life Insurance Company upon the life of the decedent. The commissioner of public welfare of the city of New York contends that under the provisions of sections 128 and 129 of the Public Welfare Law, the amount paid for relief by the city constitutes a preferred charge against the insurance moneys. On the other hand, a judgment creditor, under a judgment rendered against the decedent in his lifetime, claims priority of payment over the city, under the provisions of section 212 of the Surrogate's Court Act.

The latter contention is overruled. The claim asserted by the commissioner of public welfare is entitled to priority, after the payment of administration expenses and the reasonable funeral expenses. The constitutionality of the provisions of section 129 of the Public Welfare Law has been recently sustained by the Appellate Division, First Department, in *Mutual Life Insurance Co.* v. *Smyth* (247 App. Div. 27). The court, in its opinion by Justice DORE, further sustained the statutory preference given by the provisions of that section to reimbursement of public welfare agencies out of insurance moneys. It reversed the lower court and provided for the advantageous and orderly administration of the moneys by directing their payment to the representative of the estate for distribution under the supervision of the Surrogate's Court. The court below had held that payment might be made

by the insurance company directly to the city. The Appellate Division also approved the decision of Surrogate SMITH of Richmond county in *Matter of Van Pelt* (153 Misc. 155), which held that the moneys, when paid to the estate, were to be applied in accordance with the statutory rules of priority of payment as fixed in the Surrogate's Court Act. In the *Van Pelt* case the surrogate further determined that the preference of the city was not absolute, but that the administration expenses and the reasonable funeral expenses should first be paid and the balance of the fund used for reimbursement to the public welfare commissioner of the city of New York.

The order of priority of the payment of claims is fixed by the provisions of sections 212, 216 and 222 of the Surrogate's Court Act. The statutory sequence is as follows: (1) Administration expenses, pursuant to sections 216 and 222; (2) reasonable funeral expenses, pursuant to section 216; (3) debts entitled to a preference under the laws of the United States and of the State of New York, pursuant to section 212, subdivision 1; (4) taxes assessed on property of the deceased prior to his death, under subdivision 2 of that section; (5) judgments docketed and decrees entered against the decedent in his lifetime according to the priority thereof, pursuant to subdivision 3 of that section; (6) all other debts, pursuant to the provisions of subdivision 4 of that section.

It is clear from the provisions of section 129 of the Public Welfare Law that claims for reimbursement for payments for relief are included in the third group, as enumerated above, since they are entitled to a preference under the laws of the State of New York. The claim of the city is thus entitled to priority over the claim of a judgment creditor, which is included within the fifth group, as enumerated above.

Submit decree on notice directing payment of the administration expenses and the reasonable funeral expenses and providing for the distribution of the balance of the estate in accordance with the order of priority fixed in this decision.