In the Matter of the Estate of Teresa Grasso, Deceased.

Surrogate's Court, Oswego County, July 29, 1941.

*Thomas F. Zaia,* for James J. Crisafulli, petitioner.

*Harry C. Mizen, City Attorney,* for the Department of Public Welfare of the City of Oswego, respondent.

PENNEY, S.  This proceeding is brought by petitioner undertaker under section 216 of the Surrogate's Court Act to compel the payment of decedent's funeral bill in the sum of $425 and is opposed by respondent Department of Public Welfare of the City of Oswego on the ground that under the provisions of section 129 of the Public Welfare Law (now Social Welfare Law, § 105) in effect at the date of decedent's death, respondent has a preferred claim after funeral expenses not exceeding $125 for relief moneys advanced to decedent in her ifetime.

The facts are undisputed.  Decedent died January 9, 1941, survived by her husband and eight children.  Prior to her death the family had received public relief from the city of Oswego to the extent of $2,901.01.  The funeral for which the charge of $425 is made was arranged by decedent's son, Thomas Grasso, with the petitioner immediately following the death.  A so-called industrial insurance policy with the usual facility of payment clause was issued on decedent's life in 1925, but at the time of her death it was not known whether such policy was still in force.  After talking with decedent's son in regard to the funeral, petitioner called respondent's office by telephone and, after explaining the doubt as to whether there was any insurance, arranged for the customary allowance of seventy-five dollars for the funeral to be paid by the respondent.  Following the interment petitioner billed the respondent for seventy-five dollars and in due course received a check to cover the bill.  At some time between the mailing of the bill and receipt of the check petitioner learned that the insurance policy was still in force, and he returned the check to the respondent uncashed.  The administrator has collected the proceeds of the policy, amounting to $316, and that item constitutes the sole asset of the estate.  It further appears that the policy was originally procured to provide a burial for decedent, and when the funeral arrangements were made by the family it was agreed by them with the petitioner that if the policy proved to be in force, the proceeds

thereof would be applied to his bill, and the family, or certain members thereof, would make up any difference between what petitioner received from the insurance company or the respondent, or both.

Section 129 of the Public Welfare Law ▪ did not create a preference in favor of a claim for reimbursement for public assistance or care over the "reasonable funeral expenses of decedent" contrary to the provisions of sections 212 and 216 of the Surrogate's Court Act. "It must be assumed that in enacting section 129 the Legislature had knowledge of the elaborate statutory provisions of the Surrogate's Court Act providing for the enforcement of statutory preferences in the administration of estates. The intention to repeal by implication this settled procedure and long-established law is not to be presumed, and cannot here be inferred." (*Mutual Life Ins. Co. of New York* v. *Smyth*, 247 App. Div. 27.)

The proceeds of the insurance policy have been properly paid to the administrator and must now be administered by him according to law. (*Matter of Van Pelt*, 153 Misc. 155.)

Since the respondent has a preferred claim after the expenses of administration and the reasonable funeral expenses for public assistance and care received by decedent in her lifetime, it has a vital interest in the amount to be allowed in this proceeding to petitioner for the burial. Should petitioner be allowed his claim to the amount of the available assets and thus deprive respondent of any reimbursement on its claim, or is the reasonable amount to be allowed petitioner in this proceeding, in view of all the facts and circumstances, the sum of $125, which is the amount respondent would have been limited to had it paid the burial expenses, or some other sum less than $425?

No question is raised as to the reasonableness of the amount claimed in relation to the services and materials furnished. "A person who furnishes burial is entitled to be reimbursed for the reasonable expenses of such burial, but he need not necessarily be reimbursed from the estate for the whole charge so incurred. A person who contracts funeral expenses is personally liable to pay the same and may contract for as elaborate and expensive a funeral as he desires; but, when he seeks to be reimbursed from the estate, he will be allowed only such a sum as the surrogate

deems to be a reasonable expenditure for such purpose, when the estate left by the deceased and his station in life are duly considered." (*Matter of Primmer*, 49 Misc. 413.) "It is not possible to give a definite rule that will apply in every case by which can be determined whether or not the funeral expenses charged are reasonable. Many factors obviously must be taken into consideration." (3 Warren's Heaton on Surrogates' Courts [6th ed.], § 286, ¶ 7.)

Obviously a claim for burial of $425 should not be allowed against an estate amounting to only $316 to the extent of the available assets unless special facts or circumstances appear to justify the reasonableness of the charge when considered in connect on with the size of the estate. The only special circumstance present here and strongly urged upon the court in justification by the petitioner is the fact that the fund constitutes the proceeds of life insurance taken out for the purpose of providing a burial for decedent. Had the decedent accumulated a like fund by savings or any other method and died possessed of the same, there could be no question as to the unreasonableness of the funeral bill here sought to be charged against the estate. The proceeds of the policy in question were paid to this estate and are now in the hands of the administrator, and I find no case or rule of law directing any different application thereof in the hands of the representative from that of any other assets. *Zornow* v. *Prudential Ins. Co.* (210 App. Div. 339), cited by petitioner, involved a dispute between the undertaker and decedent's landlady and held that under the facts disclosed, payment should be made to the undertaker. *Zahn* v. *Metropolitan Life Ins. Co.* (250 App. Div. 231) simply held that the rights of the plaintiff as beneficiary under the policy had been fixed by the acts of the parties before those of the welfare authorities arose. The remarks of the court in *Matter of Van Pelt* (*supra*), regarding the probable purpose for which the policy there involved was purchased, to wit, " to permit the decedent to be buried in some churchyard with his ancestors in a decent and orderly way and not hurriedly slipped into the ground in a box at a cost of not exceeding $125," were *obiter dicta* and the case simply held that the proceeds of the insurance should be paid to the estate's representative to be duly administered according to law, and that no deductions be made therefrom " except expenses of administration and the reasonable funeral expenses * * *." What the " reasonable funeral expenses " were was not determined.

Section 129, in effect at the date of decedent's death, expressed the public policy of the State as to what constituted a reasonable amount for the burial of persons who had received public relief

during their lifetime and left insurance payable to the · estate. (*Matter of Wolpert*, 174 Misc. 85.) If the welfare authorities can be reimbursed out of such a fund only to the extent of $125, there is no good reason why any other person assuming liability for the funeral expenses should be reimbursed to any greater extent when " the neighbors or taxpayers " who furnished moneys for her necessary living expenses in her lifetime have a claim against the balance. To hold otherwise would furnish a simple method of circumventing the statute, and, in many cases, deprive the welfare authorities of any reimbursement whatever.

I hold that under the facts and circumstances here disclosed and in view of the provisions of section 129 of the Public Welfare Law (re-enacted as Social Welfare Law, § 105), $125 is the reasonable amount for funeral expenses which can be charged against this estate, and petitioner's claim is allowed in that amount and payment directed out of the fund in the hands of the administrator. The administrator is directed to retain the balance after payment of administration expenses and distribute the same according to law.

Decree may be entered accordingly.