338 P.2d 267

In the Matter of the ESTATE of Frederick G. SCHWEITZER, Deceased.

P. G. NEILL, Tax Collector, Plaintiff-Appellant,

v.

W. A. BUHLER, Trustee, Defendant-Respondent.

No. 8690.

Supreme Court of Idaho.

April 22, 1959.

Frank L. Benson, Atty. Gen., Dwight F. Bickel, Asst. Atty. Gen., Graydon W. Smith, former Atty. Gen., and Harold A. Ranquist, former Asst. Atty. Gen., for appellant.

W. A. Johnston, Boise, for respondent.

PORTER, Chief Justice.

On January 27, 1955, Frederick G. Schweitzer, an unmarried man, died testate in Ada County, Idaho. He left an olographic will reading as follows:

"At my death I wish an administrator to be appointed (not my Brother Harold Stanley Schweitzer) and my holdings be converted in–to cash and a flat sum of $200.00 per month paid to Harold Stanley Schweitzer for his living. In case he should die before my Estate is depleted *at* balance to go to the Chrippled Childerns Hospital of the Shrine. My personal belonging–such as pictures and brickabrack to my Aunt Ada and my friends

"F. G. Schweitzer 12/2/48"

This will was duly admitted to probate in the Probate Court of Ada County. W. A. Buhler was named administrator. On May 25, 1955, the probate court by order assessed and fixed the gross market value of the property of the estate at $34,371.87.

On February 28, 1956, the probate court entered an order entitled "Order Fixing Clear or Net Value of all Inheritances, Devises, Bequests or Other Interests and Fixing and Computing the Transfer and In-

heritance Tax Thereon." By this order, the net value of the transfer to the devisee, Harold Stanley Schweitzer, brother of the deceased, was fixed by the court at $29,-946.78. The amount of tax with interest due the state was determined and fixed by the court at $1,244.50. This tax was duly paid by the administrator.

The probate court did not determine the value of the respective interests of the devisee, Harold Stanley Schweitzer, and the Shriners' Hospitals for Crippled Children, a Colorado Corporation, immediately after the death of Frederick G. Schweitzer, as provided by Section 14-412, I.C., but assessed the value of the entire estate as against the devisee, Harold Stanley Schweitzer. The court also computed the transfer tax on the entire estate and levied same against the interest of such devisee.

No mention was made in the inheritance tax order of the devisee, Shriners' Hospitals for Crippled Children, the remainderman entitled to the balance, if any, of the estate of Frederick G. Schweitzer remaining at the death of Harold Stanley Schweitzer. No transfer tax is determined or levied by such order against such remainderman nor is there a specific determination that no transfer tax is due on the interest transferred to such remainderman. However, such order contains the following provision:

"It Is Hereby Ordered, That the clear or net value of all inheritances, devises, bequests or other interests in said estate, together with the amount of the transfer and inheritance tax on each thereof, are fixed and computed as follows:"

On August 9, 1956, a decree of final settlement and distribution was made by the probate court distributing the whole of said estate to respondent, W. A. Buhler, as testamentary trustee under the will of Frederick G. Schweitzer, deceased.

On November 26, 1956, Harold Stanley Schweitzer died in California. The balance of the estate of Frederick G. Schweitzer remaining on that day was $27,756.73, which sum is provided to be transferred to said Shriners' Hospitals for Crippled Children pursuant to the terms of the will of Frederick G. Schweitzer.

At the time of the death of Frederick G. Schweitzer, the devisee, Harold Stanley Schweitzer, was 56 years of age. His life expectancy under the actuary's combined experience table of mortality referred to in Section 14-412, I.C., was 16.22 years. The legacy of $200 per month for the remainder of his life willed to Harold Stanley Schweitzer, under his life expectancy, would amount to the sum of $39,928, a sum greater than the entire body of the estate. At the time of the death of Frederick G. Schweitzer there was no present value in the bequest to the remainderman Shriners' Hospitals for Crippled Children upon which a tax could be levied.

On March 18, 1957, appellant Tax Collector, P. G. Neill, filed a petition in the probate court praying that the court appoint an inheritance tax appraiser to appraise the value of the estate of Frederick G. Schweitzer remaining at the date of the death of Harold Stanley Schweitzer, and to make and enter an order fixing and imposing a transfer tax upon the transfer to the Shriners' Hospitals for Crippled Children, and fixing the liability for such tax.

A trial was had in the probate court and resulted in a judgment in favor of the Tax Collector. The respondent herein then appealed to the District Court of Ada County from such judgment. A new trial in the district court resulted in a judgment in favor of the respondent herein reversing the judgment of the probate court and directing that the petition of the Tax Collector be dismissed. From the judgment of the district court, this appeal is being prosecuted by the Tax Collector.

When these proceedings were started by the Tax Collector in the probate court a citation was issued to bring in the respondent, W. A. Buhler, trustee of the estate of Frederick G. Schweitzer, as a defendant. The Shriners' Hospitals for Crippled Children was not made a defendant and was not cited into the cause. Respondent took the position in the district court that the remainderman, Shriners' Hospitals for Crippled Children, was a necessary party to the action and that without the presence of such Shriners' Hospitals for Crippled Children as a defendant, no decree could be made and the action should be dismissed. The district court ruled adversely to respondent in its judgment; and respondent has not appealed from that part of the judgment. Respondent contends that he is entitled in this court to have his judgment of dismissal affirmed on the ground that the remainderman is not a party. We deem it unnecessary in view of our ruling on the merits of this cause hereinafter set out, to determine whether the Shriners' Hospitals for Crippled Children was a necessary party or whether respondent is entitled to urge such issue without having appealed from the court's judgment.

It is the position of respondent in this cause that the order of the probate court fixing and assessing the inheritance or transfer tax was a final judgment and no appeal having been taken by the Tax Collector from such judgment within the time allowed, it became final and conclusive as to inheritance or transfer taxes due the state from the estate of Frederick G. Schweitzer, deceased, and that such judgment cannot be attacked collaterally as is attempted in these proceedings. Upon the death of the decedent, Frederick G. Schweitzer, the life estate willed to Harold Stanley Schweitzer and the remainder willed to the Shriners' Hospitals for Crippled Children were immediately to be ap-

praised and the market value thereof determined and the transfer tax fixed and assessed. Section 14-412, I.C. The probate court as heretofore pointed out, entered its order fixing the market value of the estate willed to Harold Stanley Schweitzer as the clear or net value of the entire estate, and fixed the tax due as computed on such entire estate.

Section 14-422, I.C., is as follows:

"Any order, judgment or decree made by any probate or district court fixing inheritance or transfer tax or determining that no inheritance or transfer tax is due, may be appealed from."

Section 14-423, I.C., reads as follows:

"The orders, decrees and judgments fixing tax or determining that no tax is due, mentioned in this act, shall have the force and effect of judgments in civil actions. Except as herein otherwise provided, the provisions of the laws of this state relative to judgments, new trials, appeals, attachments and execution of judgments, so far as applicable, shall govern all proceedings taken under this act."

Section 14-424, I.C., provides in part as follows:

"The court in which the following papers are filed or orders are made shall, upon the filing and making of the same, immediately forward to the commissioner of finance certified copies thereof: petitions for letters testamentary or of administration; inventories and appraisements; all accounts, including the final account, of executors, administrators or trustees; decrees of distribution, either partial or final; appraisements made by inheritance tax appraisers; orders made by the court fixing valuation of property transferred under the provisions of this act; and orders made by the court fixing inheritance or transfer taxes."

Section 14-420, subsection 4, I.C., gives the Commissioner of Finance, now the State Tax Collector (Section 63-3403(b), the right to appeal to the district court from any inheritance tax order made by the probate court within 60 days after the entry of such order.

■ Inheritance and transfer tax orders and decrees made by probate courts have the force and effect of judgments [Section 14-423, I.C.], and are conclusive in the probate matters they decide, if allowed to become final without appeal being taken, including an order fixing an inheritance tax or determining that no inheritance tax is due. In re Lincoln's Estate, 79 Idaho 131, 312 P.2d 113; Moyes v. Moyes, 60 Idaho 601, 94 P.2d 782; Mason v. Pelkes, 57 Idaho 10, 59 P.2d 1087; In re Morss' Estate, 85 Misc. 676, 149 N.Y.S. 41; In re Turner's Estate, 191 Wash. 145, 70 P.2d 1059.

The inheritance tax order made in this cause being a final, appealable order and the Tax Collector having the right to appeal, upon a failure to exercise such right, the order became conclusive as to the inheritance taxes due on the transfer of the estate of Frederick G. Schweitzer, deceased.

The judgment of the district court is affirmed. Costs to respondent.

TAYLOR, KNUDSON and McQUADE, JJ., concur.

SMITH, J., sat at the hearing but did not participate in the opinion.