MINNIE NEWTON, Appellant, v. THE OTSELIC VALLEY NATIONAL BANK, Respondent.*

Third Department, November 15, 1928.

* Revg. 132 Misc. 148.

*Ward N. Truesdell*, for the appellant.

*H. A. Webb* [*H. C. Stratton* of counsel], for the respondent.

HILL, J.    Plaintiff brings this suit in equity asking that defendant be enjoined and restrained from negotiating, transferring or enforcing a note for $8,129.63, and that such note be adjudged void. Her complaint recites that she is the widow of one J. F. Newton, who died intestate in January, 1928; that on July 1, 1927, he indorsed a demand note for $5,500, which was held by defendant. The two makers, as well as the two prior indorsers, are not parties to this litigation.    Defendant was also the owner of a note for $2,629.63 made by plaintiff and her husband.    The complaint further alleges that subsequent to the death of plaintiff's husband, the president of the bank, by false representations, induced her to sign the note in suit as a renewal of the two mentioned.

The amended answer contains a denial and interposes as the first counterclaim a cause of action upon the note signed by plaintiff and her deceased husband.    For a second counterclaim, defendant pleads a cause of action upon the note sought to be canceled.    In the fourth subdivision of the answer, being the third counterclaim, plaintiff's indebtedness is again pleaded, and further that, prior to his death, her husband transferred several parcels of land and certain items of personal property to her in fraud of the rights of creditors. The prayer of the answer is that plaintiff be enjoined from disposing of the property, the transfer be declared void, a receiver appointed, the property sold and the proceeds applied to the payment of defendant's notes.

The first two counterclaims should be sustained.    The motion to dismiss the last counterclaim should have been granted upon the ground that it neither pleads a defense nor states a cause of action. Counsel for defendant argues that plaintiff will dispose of the property and secrete or squander the funds, and that in aid of the anticipated judgment, an injunction should be granted and a receiver appointed.    A court of equity " cannot proceed *quia timet* in behalf of a creditor against his debtor before the debt is payable, to compel payment or security, in anticipation of a loss from the debtor's embarrassed condition or from his failing circumstances." (*Gouverneur* v. *Tillotson,* 3 Edw. Ch. 348.)

The attempt to state a cause of action under the Real Property Law (§ 268) is not successful.    The remedy there given is for the benefit of all creditors.    The action thereunder must be brought in a representative capacity.    (*Matteson* v. *Palser,* 173 N. Y. 404, 411; *Calkins* v. *Stedman,* 146 App. Div. 202.)    Defendant here seeks to have all the property applied to the payment of its debt, to the

exclusion of other creditors. Such result would violate the rules of equity and the statutes of this State. (Real Prop. Law, *supra;* Surrogate's Court Act, § 212.) A counterclaim must state a cause of action against the plaintiff and in favor of the defendant. (Civ. Prac. Act, § 266; *DeWitt* v. *New York Herald Co.,* 196 App. Div. 417.) So much of the order appealed from as denied plaintiff's motion to dismiss the third counterclaim should be reversed on the law, with costs.

Van Kirk, P. J., Hinman, Davis and Whitmyer, JJ., concur.

Order, so far as it denies plaintiff's motion to strike out the third counterclaim, reversed on the law, with ten dollars costs and disbursements, and motion to strike out said counterclaim granted.