FRANK J. TAYLOR, as Commissioner of Public Welfare of the City of New York, Plaintiff, *v.* PATRICK J. KELLY, Executor of the Estate of HENRY H. ALLEN, Deceased, Defendant.

Supreme Court, New York County, April 6, 1932.

*A. J. W. Hilly* [*J. H. Miles* of counsel], for the plaintiff.

*Gross & Keck* [*F. A. Keck* of counsel], for the defendant.

BLACK, J. Section 685 of the Greater New York Charter (as added by Laws of 1921, chap. 204) was not repealed by the enactment of chapter 565 of the Laws of 1929, a general law for the entire

State. It is a fact that the general law added a provision by which it provided: " * * * Any public relief received by such person shall constitute an implied contract." (Public Welfare Law, § 128.) This statute, however, did not take away power provided by the charter, but, if anything, added to its provisions by a general law, so that the right of recovery may be had, not only under the general law, but under section 685 of the Greater New York Charter. I think, therefore, that both the general law and the charter provision should be applied as the law of the case. In so deciding I am of the opinion that where, upon the facts in the instant case, the deceased was not entitled as of right to receive funds appropriated by the city, and where there was no contractual obligation existing between the city on the one hand and the deceased on the other, the provisions of the general law may be more applicable in the determination, putting upon the recipient of the fund an implied obligation to return the funds if he was not entitled to receive such funds.

I am mindful of the fact that the city might have examined the applicant at any time and have ascertained whether such person was a " needy blind " person within the intent of the statute, but there existed no obligation on the part of the city to do so, and its failure to investigate cannot mitigate against the city as a waiver or an estoppel, for at no time does the poor person's receipt of funds ripen into a vested right. Nor does the mere fact that a person is blind entitle such person to participate in a general distribution of the funds of the city. The receipt by such persons implies that they are poor, and the responsibility is upon such person when such condition is questioned to show otherwise, and that he is a person specified in the statute, and should participate in such funds. In the instant case the facts convince me that the funds received by the deceased should be returned.

I, therefore, grant plaintiff's motion for direction of a verdict, and direct judgment for the sum of $967, with interest from August 24, 1931, to be computed by the clerk of the part, and added to the principal. Defendant's motion for direction of a verdict denied, with approximate exceptions. Defendant to have thirty days' stay and sixty days to make a case.