In the Matter of the Estate of CHARLES H. TRENT, Deceased.

Surrogate's Court, Bronx County, June 17, 1936.

*John H. Noll*, administrator in person.

*Paul Windels, Corporation Counsel* [*Paul E. Fusco* of counsel], for William Hodson, as commissioner of public welfare of the city of New York, creditor.

HENDERSON, S.   The contention that the decedent left no property, other than the sum of $189.38 paid by his committee to the accounting administrator, is untenable.

He was a pecuniary legatee under a will probated prior to his death.   Some months after the issuance of letters herein, the administrator received the unpaid balance of the decedent's legacy, as abated.   He is now accounting for cash assets in excess of the money paid the decedent from January 1, 1931, to November 1, 1934, inclusive, as and for old age relief under article XIV-A of the Public Welfare Law.

A testamentary bequest gives the legatee thereof a chose in action (Dec. Est. Law, § 146) and a chose in action is personal property (Gen. Constr. Law, § 39; Surr. Ct. Act, § 202, subd. 8; § 314, subd. 12).   The right to a legacy becomes vested upon the probate of the will in which it is bequeathed, although no proceeding or action therefor may be instituted for various periods of months after the issuance of letters testamentary.   (Surr. Ct. Act, § 217; Dec. Est. Law, § 146.)   Like any other chose in action, it is intangible and may have little or no practical value.   Its face value may be decreased or extinguished by a deficiency in the testator's estate or by statutory provisions for its application to other purposes.   Nevertheless it remains the subject of ownership, transfer and levy, and is property (Civ. Prac. Act, § 916).   The fact that the decedent was an incompetent at the time of his death and had no actual control of his assets is immaterial.

The further contention that the cost of such relief cannot be recovered in the absence of any demonstration of the decedent's misrepresentation, concealment of assets or fraud is met by the language of the statute (Pub. Welfare Law, § 128) which expressly charges the recipient of such relief with a promise to pay therefor. (*Matter of Lang*, 242 App. Div. 781.)   Section 128 became effective on January 1, 1930 (Laws of 1929, chap. 565, § 167).   Section 57 of the former Poor Law was repealed by section 166 of the cited act.   The material difference between the old and the new statutes for the recovery of relief extended, is the provision in the last sentence of section 128 of the Public Welfare Law that the receipt of public relief constitutes an implied contract.   Hence the decisions based, under the former law, upon the absence of any contract, expressed or implied, are not applicable to claims under the present statute.

The claim of the commissioner of public welfare of the city of New York is a valid debt of the decedent and is allowed as a general claim against his estate in the amount claimed.

Settle decree.