WILLIAM HODSON, as Commissioner of Public Welfare of the City of New York, Plaintiff, *v.* SARAH MARKS, Defendant.

City Court of New York, New York County, December 7, 1937.

*Paul Windels, Corporation Counsel* [*Paul E. Fusco, Assistant Corporation Counsel*, of counsel], for the plaintiff.

*P. Ehrlich Wolfe*, for the defendant.

LIPPE, J. It appears to me that this case is of great public interest, as many similar situations now exist and many more will arise as time goes on.

Plaintiff, as commissioner of public welfare of the city of New York, brought suit against the defendant, Sarah Marks, as legatee of one Jacob Heyman, deceased, to recover the sum of $1,280 received by defendant's father during his lifetime as and for old age assistance.

The action was tried before the court without a jury.

The pleadings and the proof during the trial admit that the defendant, Sarah Marks, was the daughter and sole legatee of one Jacob Heyman, who died on or about January 30, 1936, leaving a gross estate of $2,022, of which sum the executor turned over to the defendant, as legatee, the net amount of $1,734. It appears further that the deceased had received from the department of public welfare of the city of New York $1,280 as and for old age assistance from February 1, 1931, to January 1, 1936, during all of which time the deceased maintained bank account No. 377452 in the Citizens Savings Bank with an average balance, from January 15, 1931, up to the time of his death, of approximately $2,000.

In his complaint the plaintiff set forth section 128 of the Public Welfare Law and also section 170 of the Decedent Estate Law, leading the defendant to conclude that the action was brought under both sections. In plaintiff's memorandum, however, it is stated that the suit is based on the provisions of section 170 and that section 128 of the Public Welfare Law is cited merely to establish the decedent's debt.

The defendant contends that upon receiving the proceeds of her father's estate from the executor, she disposed of it, and that at the time of the commencement of this action and at the time of the trial she was not in possession of any property, real or personal, that had originally belonged to the deceased.

I am inclined to agree with plaintiff's counsel that the Public Welfare Law gives the substantive right and that the Decedent Estate Law affords the remedy for the enforcement of that right.

Since the defendant is not charged with the responsibility of supporting the decedent, the plaintiff need not prove that this defendant was originally liable for such support.

The defense relies substantially on the decision rendered in *Hodson* v. *Grumlich* (156 Misc. 199), decided in the Municipal Court of the City of New York, in which the commissioner sought to recover various sums paid for old age relief. In that case the defendant was sued under the authority of sections 125 and 128 of the Public Welfare Law as a person responsible for the care of the deceased, and as the daughter of the original recipient. This is not the situation in the instant case, as the plaintiff does not seek to impose an original liability on the defendant, but to

hold her as a legatee of the deceased, who has received funds which were of the deceased during his lifetime.

This action would lie against the defendant even if she had been a stranger to the decedent, inasmuch as she had come into possession of property which the decedent possessed while he was accepting charitable funds from the municipality. It must be remembered that the mere fact that a person is old or blind does not automatically entitle him to receive funds out of the city's relief appropriations for the poor and indigent. The implication under the Public Welfare Law is that each recipient of such money is a poor person within the definition of the law and that such person will return the funds received by him if he was not entitled to receive them under the law. (*Taylor* v. *Kelly*, 145 Misc. 568.)

Section 128 expressly charges the recipient of relief with an obligation to pay therefor (*Matter of Lang*, 242 App. Div. 781), and this contractual obligation imposed by law on the defendant's father existed during his lifetime. His acceptance of old age pension, while possessed of property, was obviously wrong, as he was ineligible under the law and succeeded only by the practice of deception.

Defendant's counsel makes a fine distinction in the interpretation of the word " debt," pointing out that section 170 contemplates the use of the word in its ordinary sense and not as created by statute or implication of law. He has stated that since section 128 of the Public Welfare Law creates an implied contract between the donor and the recipient of welfare funds, the relationship does not automatically create a debt; that at most it constitutes a chose in action; and that every chose in action is not necessarily a debt.

The word " debt " comes from the Latin " debere," meaning to owe; " debitum " meaning something owed. Bouvier (at p. 786) defines it as " a sum of money due by certain and express agreement; all that is due a man under any form of obligation or promise."

The distinguishing and necessary feature of a debt is that a fixed and specific amount is owing and no future valuation is required to settle it. In the instant case there can be no question that the deceased was indebted to the city of New York for the amount of money he wrongfully received for old age pension, and his debt is imputable to the defendant to the extent of moneys received by her from the original debtor's estate.

The obligation of the deceased to the city of New York represented a chose in action possessed by the city, and this chose in action should be regarded as personal property. (Gen. Const. Law, § 39; Surr. Ct. Act, § 202, subd. 8.) In other words, the decedent was indebted to the city of New York for the personal property

he took and which, under the " implied contract " provision created by section 128, he was obliged to repay. This being the case, the city was a creditor of the deceased's estate and, while not entitled to a preference, nevertheless must be regarded as a general creditor with the same rights as any other and with the privilege of suing under section 170.

The contention that the plaintiff must prove that the defendant herein had property at the commencement of the action is untenable, as without a doubt it would be useless to start suit in such cases, as all available assets could be readily disposed of between the time the assets were discovered and the time of the commencement of suit. I quite agree with plaintiff's counsel that such a theory would be a premium upon dishonesty.

With regard to the motion to compel the plaintiff to elect upon which statute he proceeded and upon which the court reserved decision, I herewith deny the motion with exception to the defendant. I find judgment in favor of the plaintiff and against the defendant in the sum of $1,280 as prayed for in the complaint, with interest thereon from the 1st day of January, 1936. Ten days' stay; thirty days to make a case.