## In the Matter of the Estate of MARY ANN CLONAN, Deceased.

Surrogate's Court, Orange County, May 28, 1941.

*Ivan E. Maginn*, for the estate.

*Percy V. D. Gott, County Attorney [Robert Marshall* of counsel], for the public welfare commissioner.

*Kopald & Haft*, for the claimant McMenamin.

*David Fishman*, for the claimant Jordan.

TAYLOR, S. By reason of the insolvency of this estate there is presented the question of whether the claim of the public welfare commissioner for relief furnished to the decedent is preferred over general creditors. As matter of procedure this problem will be determined as a preliminary question for the reason that if the claim of the commissioner is allowed, as presented, the estate will be exhausted and there will be no need to take proof of the other claims.

The pertinent statute is section 128 of the Public Welfare Law (now Social Welfare Law, § 104, effective March 1, 1941), which provides that " a public welfare official may bring action  \*  \*  \* against the estate or the executors, administrators in interest of a person who dies leaving real or personal property, if such person  \*  \*  \* received relief and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such relief." The statute evidences poor draftsmanship in that it does not provide for the filing of a claim with the estate's fiduciary. " Actions " are unknown in Surrogate's Court. This point may be passed, however, as no party presents the question, and even if it were presented it would probably be held that the statute is applicable to a claim filed against an estate, as well as to an action.

The other creditors contend that the claim of the commissioner, which arises upon "an implied contract" (Pub. Welfare Law, § 128), is not within subdivision 1 of section 212 of the Surrogate's Court Act, which grants a preference to debts entitled to such under the laws of the State of New York, and calls attention to a number of cases which have held that the commissioner is only a general creditor. (*Matter of Trent*, 159 Misc. 822; *Hodson* v. *Marks*, 165 id. 680; *Matter of Cervantes*, 174 id. 594; *Opinion of Attorney-General*, 1932, 45 State Dept. Rep. 459.)

There are other cases which hold that the commissioner has a preferred claim upon life insurance proceeds where the person who has received relief and care at public expense dies leaving insurance and the assured's estate is named as beneficiary or no beneficiary is named. These cases are *Mutual Life Insurance Co.* v. *Smyth* (247 App. Div. 27); *Matter of Van Pelt* (153 Misc. 155), and *Matter of Ciappei* (159 id. 438). It is sought to distinguish these cases upon the ground that they refer to life insurance proceeds, and that the statute (Pub. Welfare Law, § 129) provides that "the public welfare official shall be entitled to a preferred claim to be paid out of such insurance * * *."

The surrogate is constrained to disagree with the cases holding that the public welfare commissioner is a general and not a preferred creditor. This conclusion is reached through an analysis of section 128.

Although the statute with respect to life insurance proceeds explicitly states that the claim of the welfare commissioner shall be "preferred" and the quoted word is not used in section 128, nevertheless reference may be made to another statute which is *in pari materia* to aid in determining the legislative intent. (*United States* v. *Stewart*, 311 U. S. 60; 61 Sup. Ct. 102; *Betz* v. *Horr*, 276 N. Y. 83; *Board of Education* v. *Town of Greenburgh*, 277 id. 193; *Matter of McDonald [Michaelson]*, 162 Misc. 847.)

In the *Stewart* case (*supra*) the United States Supreme Court said: "It is clear that 'all acts in *pari materia* are to be taken together, as if they were on law.' *United States* v. *Freeman*, 3 How. [U. S.] 556, 564. That these two acts are in *pari materia* is plain. Both deal with precisely the same subject matter * * *. The later act can therefore be regarded as a legislative interpretation of the earlier act * * * in the sense that it aids in ascertaining the meaning of the words as used in their contemporary setting."

Our own Court of Appeals in the *Betz* case thus expresses the same thought: "The statutes above referred to must be read together. The intent and purpose of the legislative commands must be found from the statutes relating to the same general subject-matter taken as a whole."

In the *Michaelson* case it was said that " several statutes relating to one subject may be considered as governed by one spirit and policy, framed upon one system with one object in view."

No reason for preferring the commissioner's claim as against life insurance proceeds and requiring that he be a general creditor as against general estate funds has been advanced.

The legislative intent with respect to the claim against insurance funds is made clear by the explicit statement that the welfare official's claim shall be preferred, and it is the surrogate's opinion that the same idea is expressed in section 128, wherein the latter statute provides that the welfare commissioner " shall be entitled to recover up to the value of such property the cost of such relief."

In analyzing section 128, we find that the statute refers to the commissioner bringing an action against the fiduciary " of a person who dies leaving real or personal property," and that such official " shall be entitled to recover up to the value of such property the cost of such relief." The extent of recovery can have no reference except to the property of which the person receiving relief died seized or possessed. " Such property " must have reference back and apply to a preceding specification in the same section. As was stated in *American Smelting & Refining Co.* v. *Stettenheim* (177 App. Div. 392, 396), " The word ' such ' when used in a contract or statute must, in order to be intelligible, refer to some antecedent, and will generally be construed to refer to the last antecedent in the context, unless some compelling reason appears why it should not be so construed."

Like rules of statutory construction were expressed in *Griffin* v. *Interurban St. R. Co.* (179 N. Y. 438); *People ex rel. McGuinness* v. *Lewis* (127 App. Div. 107); *Benoit* v. *N. Y. Central & H. R. R. R. Co.* (94 id. 24); *Caesar* v. *Bernard* (79 Misc. 224).

The words of the statute " shall be entitled to recover up to the value of such property " are to be given meaning if at all possible, for it is a cardinal principle in interpreting statutes that no part is to be considered meaningless unless that conclusion is inevitable. (*McDonald* v. *Thompson*, 305 U. S. 263; 59 Sup. Ct. 176; *White* v. *United States*, 305 U. S. 281; 59 Sup. Ct. 179; *Matter of Herle*, 165 Misc. 46; *Matter of Denari*, Id. 450; *Matter of Boyle*, 128 id. 639.)

The conclusion reached is that the claim of the welfare commissioner is preferred after the payment of administration and funeral expenses. (*Matter of Van Pelt, supra; Matter of Ciappei, supra.*)

The case may be placed upon the calendar by proceeding in accordance with the rules, and the commissioner's claim will first be disposed of. If counsel so desire, an order may be presented upon notice or settled by consent, determining the commissioner's claim to be preferred.