## In the Matter of the Estate of AVELINO ANDREWS, Deceased.

Surrogate's Court, New York County, December 23, 1942.

*Joseph A. Cox* for James F. Egan, Public Administrator of the County of New York, petitioner.

*William C. Chanler, Corporation Counsel* for Commissioner of Welfare of the City of New York, respondent.

*John J. Bennett, Jr., Attorney-General,* for Manhattan State Hospital, respondent.

FOLEY, S. In this proceeding for the judicial settlement of the account of the Public Administrator, the single issue presented is whether the Commissioner of Welfare of the City of New York has a preferred claim for relief and assistance furnished to the wife of the decedent, or whether he is merely a general creditor. The amount of his claim and its validity as a general claim against the estate is conceded.

At the time of his death, the decedent was an incompetent. His estate consists entirely of the proceeds of a policy of insurance on his life which amounts to approximately $800. After payment of a lien upon the policy and administration expenses,

the net estate will be considerably less. The Manhattan State Hospital has a concededly valid claim in the sum of $2,812 for the care of the decedent. It is provided by statute that in such claims "the state shall be deemed a preferred creditor." (Mental Hygiene Law, § 40; *Matter of Wesley,* 156 App. Div. 403.)

The Commissioner of Welfare of the City of New York has filed a claim with the Public Administrator in the amount of $1,326.79 for public relief and care furnished to the wife of the decedent. (Social Welfare Law, § 104.) He asserts that this, too, is a preferred claim and that the city is entitled to share *pro rata* with the Manhattan State Hospital in the distribution of the estate. The Public Administrator, on the other hand, contends that the claim of the Commissioner of Welfare is not entitled to any preference, and that as a general claim against the estate nothing may be paid thereon until the claim of the preferred creditor, the Manhattan State Hospital, has been fully discharged. (Surrogate's Ct. Act, § 212.)

The Surrogate holds that the claim of the Commissioner of Welfare constitutes a general claim against the estate and that it is not entitled to any preference in payment. (*Matter of Nifeneger,* 177 Misc. 198 [FEELY, S.]; *Matter of Cervantes,* 174 Misc. 594, 596 [MILLARD, S.]; *Hodson* v. *Marks,* 165 Misc. 680, 683; *Matter of Trent,* 159 Misc. 822, 824 [HENDERSON, S.]; Opinion of Attorney-General [1932], 45 N. Y. St. Dept. Rep. 459.)

The Surrogate's Court Act (§ 212) prescribes the order of payment of debts and expenses and grants a priority to debts "entitled to a preference under the laws of * * * the state of New York." In section 104 of the Social Welfare Law there is no expression of an intent that such a claim shall be accorded any preferential treatment. The statute is silent in this respect.

Equality in the treatment of creditors is the general rule, and to support a preferential status under a statute, the intent of the Legislature to accord such a status should be clearly expressed. The omission of any expression by the Legislature indicating that such a claim was to be preferred is very significant especially when contrasted with other statutes which clearly create a preference. For example, the very next section of the Social Welfare Law, section 105, relating to insurance policies payable to the estate of the person who has received assistance, provides that the welfare official "shall be entitled to a preferred claim." Similarly, in respect of claims by State institutions in the Department of Mental Hygiene to recover for the care and support of patients, the Legislature has declared that

"the state shall be deemed a preferred creditor." (Mental Hygiene Law, § 40.)

The lack of specific reference to any priority in the statute under consideration becomes more significant when viewed in the light of the history of the statute. The claim to recover the cost of assistance given to one for whose support the decedent "is or was liable" is predicated upon the first subdivision of section 104 of the Social Welfare Law. This provision was formerly section 128 of the Public Welfare Law. In construing this statute in the year 1932, the Attorney-General of our State said: "I cannot read into this section that the claim of the public welfare official has a preferred standing and I think the claim for relief given is on par with the claims of other general creditors." (45 N. Y. St. Dept. Rep. 459, *supra*.) The same interpretation was placed upon it by the courts. (*Matter of Trent, supra,* [1936]; *Hodson* v. *Marks, supra,* [1937]; *Matter of Cervantes, supra,* [1940].)

Subsequent to the rendition of the Attorney-General's opinion, the statute was the subject of legislative revision on several occasions. A new subdivision was added thereto (L. 1936, ch. 463) and later amended (L. 1940, ch. 277; L. 1941, ch. 82, § 7.) The entire section was transferred and enacted into the Social Welfare Law with some slight modifications of language. (L. 1940, ch. 619, § 10.) These amendments and re-enactments were made by the Legislature "without indicating any failure to acquiesce in the construction placed by the Attorney-General" upon the statute. (*Matter of Stupack,* 274 N. Y. 198, 212.)

When the Legislature amends or enacts a statute anew it will be assumed that it did so with full knowledge of decisions theretofore made interpreting and construing it. The statute then "must be read in the light of such previous interpretation." (*Matter of Cole,* 235 N. Y. 48, 53; *Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24, 30.) Were we now to read into the statute the grant of a preference which the Legislature has failed to give, we should be amplifying the statute, not construing it. (*Matter of Hyde,* 177 Misc. 666, 670.)

A contrary determination was recently made in *Matter of Clonan* (176 Misc. 557 [TAYLOR, S., 1941]). For the reasons stated above, I am unable to concur in that conclusion.

The Manhattan State Hospital is a preferred creditor. The balance of the estate assets is directed to be paid on account of its claim as allowed.

Submit decree on notice settling the account accordingly.