A. Page Smith, S.
On final accounting of the administratrix of Mae H. Smith, deceased, it appears that the assets of the estate are insufficient to pay the funeral expenses, the expenses of administration and debts. A claim has been filed by the commissioner of public welfare of Fulton County for moneys advanced as assistance to the decedent prior to her death and the question has been raised as to whether or not the commissioner’s claim has a preference as against general creditors.
An examination of the adjudicated cases indicates that in 1941, in Matter of Clonan (176 Misc. 557) the Surrogate of Orange County held in a like situation that the claim of the welfare commissioner had a preference, basing his decision on subdivision 1 of section 212 of the Surrogate’s Court Act and on what are now sections 104 and 105 of the Social Welfare Law as amended. Later, in 1942, Surrogate Foley of New York County, passed upon the same question in Matter of Andrews *658 (179 Misc. 876), and he decided that the claim of the commissioner did not have a preference over general creditors even though section 105 of the Social Welfare Law does give the commissioner a preference as against insurance moneys belonging to the estate of a deceased. Section 104 gives the commissioner a claim against the estate of a deceased person up to the cost of whatever assistance has been rendered to the deceased prior to his death, but fails to give the commissioner a preference such as is given in the case of insurance moneys. Judge Foley reasoned that he was not entitled to read something into section 104 which is not there and this court adopts the same reasoning, particularly since the Legislature has amended section 104 since Judge Foley’s decision and has failed to provide for a preference. As stated in Judge Foley’s decision, “ When the Legislature amends or enacts a statute anew it will be assumed that it did so with full knowledge of decisions theretofore made interpreting and construing it ”. (Matter of Andrews, 179 Misc. 876, 878, supra.)
This court accordingly determines that the claim of the welfare commissioner against this estate does not have a preference as against the general creditors. The fee of the attorney for the estate is hereby fixed at $250 and the fee to special guardian at $10. Submit decree.