Maximilian Moss, S.
In this discovery proceeding the administratrix seeks to compel the City of New York to turn over to her $6,000 awarded the decedent in a condemnation proceeding. The city, admitting the award, claims the estate is insolvent and that it is entitled equitably to set off the award against a claim of the Department of Hospitals in excess of that amount. It is conceded that the hospital services were rendered and that the value of the services is in excess of the sum awarded. It is further conceded that, although the services covered a period of 10 or 11 years, no action was brought during the lifetime of the decedent to recover the value of the hospital services. The learned Referee, to whom this matter was referred to hear and report, reported that the outstanding claims against the estate other than that of the city amount to over $2,600, He further pointed out: ‘ ‘ Despite the ingenuity and industry of counsel and your Referee, no case in point has been found, The position taken by the City of New York in refusing to pay over the award is that no estate in fact existed because the charges for medical treatment given to the decedent are in an amount exceeding $6,000, the amount of the award owed by the City to the decedent ; and that the City therefore may set off its claim for such hospitalization charges rendered to the decedent against the award presently in the hands of the Comptroller,”
The learned Referee held that the position taken by the city was not sound for the following reasons:
“ Section 61 of the Social Welfare Law, constitutes the City of New York as a Public Welfare District. Section 104, page 61, of the Social Welfare Law, reads as follows.»
•“*§ 104, Recovery from a person discovered to have property
H‘1, A public welfare official may bring action against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an implied contract. No claim of a public welfare official against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received. As amended L. 1953, c. 838, eff. April 19, 1953/ ”
*824 The Referee continues:
“ It would therefore appear that the City of New York by reason of the treatment given by its Department of Hospitals may bring such an action against the estate of the decedent. However, the right given to the City of New York under section 104 of the Social Welfare Law does not give it a preferential status over general creditors of the estate. (Opinion of the Attorney General, 45 State Department Reports, 459 [1932]; Matter of Andrews, 179 Misc. 876; Matter of Smith, 11 Misc 2d 657.) The City of New York therefore is not a preferred creditor.
“We now come to the question of the power of the Comptroller to set off the claim of the City of New York for treatment rendered to the decedent against the award in condemnation due and owing to the decedent at the time of her death. Usually, in the case of mutual debts, it is only the balance which is the real or just sum owing by the insolvent. (Long Beach Trust Co. v. Warshaw, 264 N. Y. 331, 334, citing Gerseta Corp. v. Equitable Trust Co., 241 N. Y. 418, 424.)
“ However, the question of set off is founded entirely on equitable principles. Professor Bispham, in his work, Principles of Equity ([9th ed.] at page 528) quoting Justice Mitchell of the Supreme Court of Pennsylvania, states:
“ 1 The foundation of set off is the prevention of circuity of action. The whole doctrine is founded on equitable principles. Hibert v. Lang, 165 Pennsylvania State Reports, p. 439.’
1 ‘ But the learned author continues:
“ ‘ Being built on equitable principles it will not be allowed where injustice would result to third parties who have acquired rights through the defendant. Citing Gauche v. Milbrath, 105 Wis. p. 355, and Stanley v. Buck, 107 Wis. p. 225. ’
“ Further, it has been held that where a claim of a defendant by way of counterclaim seeks to have all the property applied to the payment of his debt to the exclusion of all other creditors, it will be disallowed. Such result would violate the rules of equity and the statutes of this State. (Newton v. Otselic Valley National Bank, 224 App. Div. 527.)
“ In Gray v. School District of Borough of Brownville, 67 Fed. 2d 141,143 (Circuit Court of Appeals, 3rd Circuit), the Court, in discussing set off, stated:
“ ‘ In applying the equitable rule, Courts of Equity, where there is a special equity to be subserved and particularly where there is the interposition of assignments, receivership and insolvency and no equity of third persons to be injured thereby to *825 prevent wrong and injustice, will allow set off.’ (Emphasis Referee’s.)
“ The same language was used by the Court in Harr v. Bankers Security Corp., 129 Pennsylvania Superior Court, 547, 551, and In re Susquehanna Chemical Corporation, 81 Fed. 1, 7.
“ The position taken by the City of New York at the hearing, that the decedent left no estate to administer, is directly in conflict with the provisions of the Surrogate’s Court Act and orderly procedure in the administration of estates of decedents. See Matter of Ciappei, 159 Misc. 438; Matter of Van Pelt, 153 Misc. 155 (cited with approval in Mutual Life Insurance Co. of New York v. Smyth, 247 App. Div. 27, 30, wherein the City of New York and its Commissioner of Public Welfare sought the proceeds of an insurance policy); and Matter of Welton, 141 Misc. 674, wherein the late Surrogate Wingate held that,
“‘subdivisions 1 to 4 of Section 40 give to Surrogate’s Courts an express charter and mandate to do all things necessary to marshall and distribute a decedent’s estate. The natural steps in this regard are, first, to appoint a fiduciary for the purpose; second, to gather together in the hands of such fiduciary all of the property and property rights of the decedent which do not pass directly to the beneficiaries named in his Will or by operation of law; and third, to pay funeral and administration expenses of the estate and the debts of the decedent. * * * ’ (Emphasis Referee’s.)
“ Under the facts of this case, I believe the Court should exercise its equitable powers to prevent injustice and inequities, and in order to defray the costs of a proper burial of the decedent and the orderly administration of the estate, direct the Comptroller of the City of New York to pay over the sum of $6,000, the amount of the award, .to the petitioner, the admmAr* tratrix of the decedent’s estate, to be administered by her in accordance with the provisions of law.”
Put in the words of Cabdozo, J., in Jackson v. State of New York (213 N. Y. 34, 35): “ Condemnation is an enforced sale ” wherein the city “ appropriated ” decedent’s property. As was said in Munger v. Albany City Nat. Bank (85 N. Y. 580, 586) ‘ ‘ There is nothing in this case that shows that one debt was contracted on the faith of the other; or that there was an agreement between the parties that one should be discounted from the other; nor is any rule of law shown to us, on which to base the action desired; and if that action is taken, it will be because of some intervening equity that renders the interposition of equity power necessary and proper.” (See, also, Lloyd v. Cincinnati Checker Cab Co., 67 Ohio App. 89, appeal dismissed 138 Ohio *826 St. 438; Bradley v. Angel, 3 N. Y. 475, 478; Lippitt v. Thomas Loan & Trust Co., 88 Conn. 185; Holbrook v. Receivers, 6 Paige 220, 231; Pond v. Harwood, 139 N. Y. 111, 119; cf. Hughitt v. Hayes, 136 N. Y. 163.) The fortuitous circumstances whereby the city “ appropriated ” the decedent’s property without the consent of the decedent does not create a debt arising out of mutual dealings of the parties wherein one advances credit on the faith of the other credit so as to render setoff just and equitable, Equity will not permit the appropriation of the entire fund for the benefit of the one creditor from whom it is due to the detriment of those who have a prior statutory right of payment from the assets of the estate (Surrogate’s Ct. Act, §§ 216, 222),
The learned Referee recommended that the Comptroller of the City of New York be directed to turn over the sum awarded to the petitioner. The motion to confirm his report is in all respects granted. The learned Referee is commended for his scholarly report and for his research in a difficult area of law, His opinion is adopted as the opinion of the court. Settle order on notice,