Maximilian Moss, S.
The compromise of the action for conscious pain and suffering of decedent is approved. The sum *672 recovered is distributable in accordance with the Decedent Estate Law (§ 83) subject to payment of $1,000 as exempt property due the widow pursuant to the Surrogate’s Court Act (§ 200). Decedent was survived by his widow and his father. Inasmuch as the net estate is less than $5,000 decedent’s father has no interest therein.
The assets of the estate consisting solely of the proceeds of said compromise are not sufficient fully to pay the widow’s exemption, attorney’s fee, administration and funeral expenses and debts of decedent. In this situation, the Department of Hospitals contends that its lien has priority of payment as against widow’s exemption, funeral expenses, commissions to administratrix and general creditors, excepting only the attorney’s fee. The issue of priority of payment has been submitted to the court for determination.
Subdivision 4 of section 200 of the Surrogate’s Court Act as amended by chapter 603 of the Laws of 1952 grants an exemption of money or other personal property to a surviving spouse not exceeding $1,000. The expression “ personal property ”, signifies every kind of property which survives a decedent, other than real property, and includes a right of action conferred by special statutory provision upon an executor or administrator (Surrogate’s Ct. Act, § 314, subd. 12). Exempt property under the act vests at death immediately in the surviving spouse and are not deemed assets of the estate (Matter of Macneal, 174 Misc. 947; Matter of Burridge, 261 N. Y. 225, 226). In the instant case the widow’s exemption is payable in full since the assets of the estate are ample to pay the funeral expenses (Matter of Inglima, 13 Misc 2d 910; Matter of Schoenfelder, 161 Misc. 654).
The court directs that the order of priority of payment by the administratrix shall be as .follows: First, the amount of $1,000 shall be set off to decedent’s widow as exempt property. Next, there shall be paid the attorney’s fee fixed by an order of the Supreme Court, the commissions of the administratrix and other administration expenses (Surrogate’s Ct. Act, § 231-a; Matter of Rothstein, 151 Misc. 466; Matter of Schoenfelder, 161 Misc. 154, supra; Matter of Lieberman, 206 Misc. 263; Matter of Horn, 151 Misc. 261; Matter of Tangerman, 226 App. Div. 162). The administratrix shall then reimburse the persons who paid decedent’s reasonable funeral expenses, inclusive of the cost of the monument (Matter of Koretzky, 180 Misc. 108; Matter of Young, 92 Misc. 633; Surrogate’s Ct. Act, § 216). Following the above, payment shall be made to the hospital to satisfy its lien for services rendered to decedent. From the *673 balance remaining, all other claims inclusive of the claim of Dr. Weinberger and the Department of Welfare shall be paid pro rata. The residue shall be paid to decedent’s widow. Settle decree on notice.