Orrin G. Judd, S.
By decision dated May 25, 1964 (43 Misc 2d 309), the court upheld the claim of the Commissioner of Hospitals for the City of New York for reimbursement for medical care rendered to decedent in 1951 (Social Welfare Law, § 104). Upon settlement of the proposed accounting decree, which provided for prorata distribution of the net assets to the creditors of the estate, claimant objected on the ground that his claim was entitled to preference by reason of the recent amendment of section 104 which states: ‘ ‘ In all claims of the public welfare official made under this section the public welfare official shall be deemed a preferred creditor.” (L. 1964, ch. 573, eff. April 16, 1964.) Said amendment became effective while the question of the validity of the claim herein as a general claim was sub judiee. Nevertheless, claimant argues that it controls distribution in this proceeding and affords him a preferred status, on the ground that the amendment is only procedural and therefore has retroactive effect.
The particular question thus raised seems to be one of first impression. The court does not agree that the amendment under discussion is purely procedural. Claimant contends that it is procedural because the amendment did not create a new obligation, as was the case in connection with another and earlier amendment to section 104 (Matter of Karnbach, 208 Misc. 693; cf. Hodson v. Stapleton, 248 App. Div. 524), but only “ regulates the disposition of a decedent’s estate.”
The creation of a preference in the distribution of an estate, if not akin to the creation of an obligation, affects substantial rights and obligations in a manner that is not purely procedural or remedial, Matter of Dettmer (179 Misc. 844) and Matter of Ryle (170 Misc. 450) which claimant cites, are not in point. They deal with tax proration or apportionment under section 124 of the Decedent Estate Law, which Surrogate Dbdbhanty in the Ryle case (p. 451) said is ‘ ‘ merely an instrumentality for the administration of the Tax Law and of estates generally.” *587 That case involved the contention that a 1926 trust, concededly taxable at grantor’s death, could require the entire tax to be paid from the grantor’s estate, despite the fact that he died after the enactment of section 124, which required proration of taxes in the absence of a contrary direction in the will. The will was properly construed in the light of the law existing at decedent’s death, but no retroactive change of priorities was involved. The Dettmer case was similar. Neither case held that the rights of estate creditors may be changed by a statute enacted after death. A statute creating a preference in favor of a class of previously general creditors necessarily diminishes the rights of other general creditors, and makes a substantive change in rights which had become fixed at death.
Claimant points to Upton v. New York & Erie Bank (13 Hun 269) as deciding the precise point at issue favorably to his viewpoint. This is not so. That case construed an 1875 statute which provided that the assets of any insolvent bank should, after payment of its circulating notes, be applied to the payment of deposits made by savings banks. The court held that the statute applied to desposits made prior to, as well as those made after the passage of the act, treating the act as a permissible amendment of the charters of the savings banks. The statute in question was passed before the bank became insolvent, and therefore did not constitute an attempt to change rights which had already vested. A more comparable case is Matter of Gasteiger & Co. (25 F. 2d 642), where Judge Learned Hand refused to give retroactive effect to an amendment of the Bankruptcy Act which gave preference to claims of the United States. Noting that the time for creditors to file claims had passed before the statute was enacted, he said (p. 643): “ The canon is well settled which interprets statutes prospectively unless the language admits of no other construction ”.
Claimant also refers to this court’s decision in Matter of Medina (N. Y. L. J., Sept. 21, 1964, p. 18, col. 6) wherein the Department of Welfare agreed to defer its claim to that of the Department of Hospitals both being regarded by the parties and so mentioned in the decision as entitled to priority under section 104 as amended. However, neither the question of priority nor the retroactive effect of the amendment was disputed and the decision therefore affords no precedent.
There is a general presumption against retroactive operation of a statute even in the absence of constitutional objections. Existing or antecedent rights are not to be interfered with unless there are express words to that effect which are enforeible *588 (82 C. J. S., Statutes, § 415; Ann. 29 ALR 2d 737; Endlich, Interpretation of Statutes, § 271 et seq.). The 1964 amendment to section 104 of the Social Welfare Law makes no express claim to be retroactive (L. 1964, ch. 573). It should therefore be interpreted in accordance with the rules that: “As a general rule a construction of a statute which will give it a retroactive operation is not favored by the courts ” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 51, p. 67) and “ The descent and distribution of estates is governed by the law in force at the time of the decedent’s death, and subsequent statutes will neither apply to persons who died before their enactment nor divest rights acquired through the death ’ ’ (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 56, p. 90). Applying these rules, statutes which change the manner of distributing proceeds of a recovery for wrongful death have been held not to apply to deaths occurring before the statute (Ann. 66 ALR 2d 1444).
Prior to the 1964 amendment there were conflicting decisions concerning the right to a preference to public welfare claims (Matter of Clonan, 176 Misc. 557; Matter of Andrews, 179 Misc. 876; Matter of Smith, 11 Misc 2d 657; Matter of Cornez, 27 Misc 2d 671). The statute resolves the conflict, but shows no purpose to operate retroactively in pending estates. The short legislative history of the amendment shows only an intention to place public welfare claims on a par with claims of State institutions under .section 39 of the Mental Hygiene Law.
The court, therefore, denies the claim of the Commissioner of Hospitals for a preference. Attention is called to the fact that the claim of Jewish Sanitarium and Hospital for Chronic Diseases, which does not appear in this proceeding, was rejected by the executor in Schedule D-3 of his account but is provided for in the proposed accounting decree, and it is assumed that the parties have consented to such allowance.