## GOUVERNEUR and BIBBY *v.* TILLOTSON.

---

Where a complainant has to perform conditions precedent and the doing them would give a remedy at law, he should be left to such remedy.

This court will not interfere, when the condition precedent has not been performed, for the purpose of compelling the other party to give security in anticipation.

An offer to perform conditions precedent is not sufficient. Performance must be shown.

A party, who is to perform a condition precedent, is not to come into court beforehand, in order to ask for instructions as to how or whether such condition precedent has been performed.

HEARING on bill and demurrer.

The bill showed that the complainant, Gouverneur, as late post-master in New-York, had unsettled claims with the post-

office department; and a suit had been instituted against him in the circuit court of the United States for the Southern District of New-York. That, at the same time, an action was instituted in the same court on a certain bond executed by the complainant and the defendant Tillotson and one Knox as his sureties to the post-master general of the United States in the sum of thirty thousand dollars. That, in the latter action, a verdict had been rendered in favor of the United States for about twenty-six thousand dollars, without prejudice to certain claims for six thousand dollars. That about the first day of April, one thousand eight hundred and thirty-six, the complainant placed in the hands of the defendant Tillotson a fund of about fifteen thousand dollars, which the latter pledged himself to pay in liquidation and towards the discharge of the said bond of thirty thousand dollars to the post-master general, without reference to any other matter, in case the said action were decided in favor of the United States. That the said Tillotson attempted to shift the responsibility, pledge and promise, under which he had received the deposit; and maintained his right to mingle the fund with other transactions. That he, the complainant, assented to a settlement with the said defendant, on the first day of January, one thousand eight hundred and thirty-eight, by getting the latter to sign his bond to the other complainant, Bibby, in the penal sum of twenty-seven thousand two hundred and sixty dollars, conditioned for the payment of thirteen thousand six hundred and thirty dollars and eighty-four cents, with lawful interest, agreeably to certain articles of agreement of the twelfth of March, one thousand eight hundred and thirty-eight, made between the said Tillotson and the said Bibby.

This agreement was as follows: " Received, New-York, 12 March, 1838, Robert Tillotson's bond, dated 1st January, 1838, for thirteen thousand six hundred and thirty dollars and eighty-four cents. The following are the stipulations and agreements between the said Robert Tillotson, the obligor, and Gouverneur S. Bibby, the obligee, in reference to the said bond. Whereas, the said Robert Tillotson is one of the sureties of Samuel L. Gouverneur on a certain bond, executed in the year 1829, to the post-master general of the United States, it is hereby expressly agreed and understood that if a recovery

shall be had against the said Robert Tillotson, as a surety aforesaid, then and in that case the said Gouverneur S. Bibby will appropriate the bond of the said Robert Tillotson (the receipt whereof is hereby acknowledged) to the liquidation and discharge of the said bond to the post-master general, in the event that a decision shall be made in favor of the said Robert Tillotson in the suit now pending against him as one of the sureties as aforesaid or whensoever, whether by reason of a judicial decision or by other means adopted by the said Samuel L. Gouverneur, the said Robert Tillotson shall be relieved, exonerated or discharged from his liability on the said bond to the post-master general of the United States or fully indemnified against all claim, responsibility or demand in reference thereto, then and in that case it is expressly agreed and the said Robert Tillotson doth hereby promise and agree to and with the said Gouverneur S. Bibby that he will forthwith and without delay pay to the said Gouverneur S. Bibby the full amount of the said bond or give to the said Gouverneur S. Bibby satisfactory security for the faithful payment thereof in one year thereafter. In the event that the said bond shall not be appropriated to the liquidation and discharge of the bond to the post-master general on which the said Robert Tillotson is one of the sureties, then and in that case it is agreed by and between the said Robert Tillotson and the said Gouverneur S. Bibby that the said Robert Tillotson may deduct from the said bond a certain obligation to him the said Robert Tillotson executed by Samuel L. Gouverneur, dated the 1st day of January, 1838, for the sum of thirty-two hundred and ten dollars and thirty-four cents and such further sums as he may be made liable to pay by reason of any endorsement of any note of the said Samuel L. Gouverneur— also, a note for nine hundred dollars given by the said R. Tillotson to S. L. Gouverneur dated on or about 14th November last at six months. Signed and sealed in duplicate this 12th day of March in the year of our Lord eighteen hundred and thirty-eight.

"In presence of,                              "R. TILLOTSON.
       "John Megarey."                    "GOUV'R S. BIBBY."

The complainant Gouverneur in his bill went on to say that he had been and was desirous of indemnifying the said Robert

Tillotson and had frequently offered so to do that he might thereby cause the amount of the bond to be paid to Bibby or satisfactorily secured; and he was ready to settle and discharge the said verdict in favor of the United States or satisfactorily secure the same by means whereof the said Tillotson would be exonerated. That since the verdict the said Tillotson had promised to pay the amount of the bond in order to settle the same, but he had not done so. That the amount in his hands was in danger. That the said Robert Tillotson, by refusing to listen to any proposition of indemnity according to the terms and conditions of the bond and agreement and by declining to receive any indemnity, though frequently urged upon him, prevented the complainants from resorting to their remedy against him at common law. *Prayer*, that the said Robert Tillotson might be decreed to pay to the complainant Gouverneur S. Bibby the full amount of the said bond, with the interest thereon according to the terms and conditions of the same and according to the agreement referred to therein: the said complainant Samuel S. Gouverneur offering, on his part, to indemnify the said Tillotson according to the provisions of the bond and agreement in such manner as the court might direct; and, for further relief.

Demurrer: for that the defendants had a complete remedy at law.

Mr. *Hurlbut*, in support of the demurrer.

Mr. *Humphreys*, for the complainants.

THE VICE-CHANCELLOR :—All that preceded the giving of the bond by the defendant and the entering into the agreement of the twelfth of March, one thousand eight hundred and thirty-eight, is merged in the bond and agreement. Whatever there was of a trust or of the nature of a trust cognizable in equity in relation to the money in the hands of the defendant, due and owing to the complainant Gouverneur or belonging to him and deposited with the defendant for a special purpose or otherwise, was converted, by the settlement and the acceptance of the bond, into an ordinary debt by specialty, payable upon the happening of the events or the performance of one or other of

1839.

GOUVERNEUR
*v.*
TILLOTSON.

Dec. 10.

the conditions specified in the agreement. These are in the nature of conditions precedent, on the performance or happening of which events the complainant's right to a demand of payment depends.

If the complainants' bill is to be understood as averring that the events have taken place or that the conditions have been performed, which give them a right to call for the payment or the security stipulated to be given by the defendant, then, upon averring and proving the same facts, there will be no difficulty in his remedy at law upon the bond ; and the parties should be left to pursue such remedy there. If the bill does not contain all the requisite allegations and averments to show the legal right at this time to payment or security, then I know not upon what principle this court can interfere. It cannot proceed *quia timet* in behalf of a creditor against his debtor before the debt is payable, to compel payment or security, in anticipation of a loss from the debtor's embarrassed condition or from his failing circumstances ; and it is not necessary that the complainants should come into chancery with this case in order to have the indemnity, which they profess to be ready and willing to give the defendant, adjusted and its sufficiency ascertained beforehand or to have the direction of this court as to the manner of appropriating the bond to the payment of the debt to the post-master general. These are acts to be done ; and they are not to rest merely in an offer to do them. And when an instrument of indemnity is executed and tendered to the defendant or he is exonerated from his suretyship in the bond to the post-master general or the defendant's bond is " appropriated," as provided for in the agreement, the complainants must show and aver particularly the acts then performed, so that the court may judge of the sufficiency of the acts should they be disputed : *Miller* v. *Drake*, 1 Caines' R. 46 ; 2 Saunders, 352, (n. 3) ; Cro. Jac. 363, 634. In short, the complainants must take upon themselves the risk, in the first instance, of the sufficiency of their acts as amounting to a performance of the conditions or terms of the agreement upon which the payment of the defendant's bond is made to depend ; and they must not come here beforehand and ask this court to instruct or direct them how and in what manner to perform those acts. The power is in their own hands ;

and their inability to exercise it, if such be the fact, is no ground for invoking the aid of this court in the matter.

The demurrer must be allowed ; and the bill be dismissed, with costs.